## Brennan Unemployment Compensation Case.

Argued March 22, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Neil Leibman,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY GUNTHER, J., June 15, 1960:

This appeal is from a decision of the Board of Review denying compensation.

The claimant was employed as a production clerk with the Kraft Food Company. Her last day of work with Kraft was July 25, 1958. Following a separation, claimant received 45 checks at $30.00 each the first year and 2 more checks in her second year. On August 19, 1959, claimant accepted a referral to Molded Insulation Company. During the course of the interview

claimant stated that she thought she was pregnant and wanted to wait until her physician returned before committing herself to employment. A medical certificate was submitted on September 10, 1959 indicating that she was pregnant and that February 12, 1960 was the expected date of confinement.

The Bureau of Employment Security issued a decision denying benefits to claimant. An appeal was filed and after a hearing the decision of the Bureau was affirmed by the Referee and the Board. The decision became final on December 18, 1959, and it is from this decision that claimant appeals to this Court.

Was there a valid offer of employment made to the claimant as required by the Act? The Act provides that refusal to accept employment without good cause renders claimant ineligible to receive benefits. Where claimant volunteered information to the referral employer that she might be pregnant, although at the time this fact was not medically corroborated, did she render herself ineligible for benefits?

A claimant, who refuses suitable employment, may remain eligible for benefits only where there is some justifiable and compelling reason for the refusal of work: *Suska Unemployment Compensation Case,* 166 Pa. Superior Ct. 293, 70 A. 2d 397.

Section 402(a) of the Unemployment Compensation Law, 43 P.S. 802(a), provides as follows:

"Ineligibility for Compensation.—An employe shall be ineligible for compensation for any week—

"(a) In which his unemployment is due to failure, without good cause, either to apply for suitable work at such time and in such manner, as the department may prescribe, or to accept suitable work when offered to him by the employment office or by any employer irrespective of whether or not such work is in 'employment' as defined in this act: . . ."

Substantive and reasonable grounds for refusing offered work must be shown by claimant who seeks benefits. *Pompa Unemployment Compensation Case,* 179 Pa. Superior Ct. 443, 115 A. 2d 772.

Claimant voluntarily informed the prospective employer that she might be pregnant although she had no opinion from her physician in that respect. In addition to the matter of pregnancy, she also failed to show good faith in sincerely seeking the position when she stated: ". . . I had no experience in that type of work and there was a training period." Good faith embraces not only the merely negative virtue of freedom from fraud but also the positive conduct which is consistent with a genuine desire to work and to be self-supporting. *Brilhart Unemployment Compensation Case,* 159 Pa. Superior Ct. 567, 569, 49 A. 2d 260. By her failure to accept suitable work when offered by the prospective employer claimant showed a conduct and determination to avoid employment.

Claimant's indication that she was not available for work until consultation with her physician on September 4, 1959 is not a sign of good faith. The employer considered her suitable but she discouraged employment by stating that she wanted to wait until her physician returned before committing herself to employment.

It is the function of the Board of Review to pass upon the credibility of witnesses and to draw reasonable inferences from the testimony. *Ristis Unemployment Compensation Case,* 178 Pa. Superior Ct. 400, 403, 116 A. 2d 271.

The facts as found by the Board, if supported by competent testimony, are binding on this Court. *Davis Unemployment Compensation Case,* 187 Pa. Superior Ct. 116, 144 A. 2d 452.

Based on the facts and the law the compensation authorities rightfully concluded that the claimant did

not have good cause for refusing the offer of work and, therefore, was disqualified from receiving benefits under the provisions of section 402(a).

The action of the Board of Review in denying compensation should be affirmed and the claim to compensation disallowed.

Order is affirmed.

WATKINS and MONTGOMERY, JJ., dissent.