Palmer, et ux. *v.* Department of Public Welfare.

Argued April 6, 1972, before President Judge Bow-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER, ROGERS and BLATT.

Paul A. Coghlan, with him Jay H. Calvert, Jr., Philadelphia Legal Services, Inc., for appellants.

Barry A. Roth, Assistant Attorney General, with him Marx S. Leopold, General Counsel, and J. Shane Creamer, Attorney General, for appellee.

OPINION BY JUDGE MENCER, May 23, 1972:

Walter Palmer and Betty Palmer (appellants), in August 1970, applied for public assistance for themselves and their four children. They were granted assistance under the Aid to Dependent Children (ADC) program. In September 1970 Walter Palmer (Palmer) was referred by the Philadelphia County Board of Assistance to the Pennsylvania Bureau of Employment Security for inclusion in its Work Incentive Program (WIN). One year later, in September 1971, Palmer enrolled as a full time law student at Howard University Law School in Washington, D.C.

On September 22, 1971, Palmer received a letter from WIN stating that he was being terminated from the program because he was a full time student. On October 5, 1971, appellants were notified by the Philadelphia County Board of Assistance that their public assistance, and also their children's public assistance, would be terminated on October 29, 1971. Appellants, on October 19, 1971, appealed and requested a hearing before the Philadelphia County Board of Assistance, resulting in a hearing on December 1, 1971, which was continued to and completed on December 13, 1971. On December 15, 1971, appellants' appeal was dismissed

and it is from this order of dismissal that appellants have filed an appeal to this Court.

Appellants raise four questions. First, they contend that the Department of Public Welfare failed to follow its own regulations in terminating appellants' assistance.

The Department of Public Welfare of the Commonwealth of Pennsylvania is empowered to establish rules, regulations and standards for the administration of the WIN program in the Commonwealth of Pennsylvania. Act of June 13, 1967, P. L.     , No. 21, Art. 4, §405, 62 P.S. §405. Pursuant to this grant of authority, certain regulations were promulgated relative to the WIN program. The regulation here in question is Regulation 3192.1 which reads as follows:

"3192.1. Effect of Refusal on Public Assistance

"The following applies only to those individuals referred to WIN (PA 97 sent to BES) in accordance with 3191.112 (Mandatory Referrals):

"Upon being notified by BES of an individual's refusal to appear at BES for an enrollment interview or of an individual's termination from WIN because of refusal without good cause to participate in WIN or to accept employment, the CAO provides counseling for a 60-day period to give the individual an opportunity to reconsider his refusal.

"For those cases in which the individual is an ADC specified relative (father), ADC is paid to the family in the form of a protective payment (3770) during the 60-day counseling period. At the end of the 60-day period, if the individual still refuses without good cause to participate or to accept employment, the individual is removed from the assistance grant and assistance is paid to his family in the form of protective payments.

"For a youth or essential person, the following applies: ADC is continued during the 60-day counseling

period. At the end of the 60-day period, if the individual still refuses to participate or to accept employment without good cause, he is not eligible for assistance and is no longer considered a member of the assistance unit. If the individual is the only dependent child in the family, ADC is discontinued and G.A. authorized for the other members of the assistance unit.

"The BES decision on refusal without good cause (made after providing opportunity for reconsideration, fair hearing, and further review) is binding on the CAO as long as the client refuses to participate unless a change in his situation makes him inappropriate for referral. If the specified relative becomes inappropriate for referral or leaves the home, and the family is otherwise eligible, the protective payments are discontinued and cash assistance payments resumed."

The key portion of this regulation under the facts of the instant case is the paragraph which reads: "Upon being notified by BES [Bureau of Employment Security] . . . of an individual's termination from WIN *because of refusal* without good cause *to participate* in WIN *or to accept employment,* the CAO [County Assistance Office] provides counseling for a 60-day period to give the individual an opportunity to reconsider his refusal." (Emphasis supplied.)

Here Palmer was terminated from the WIN program because he was a full time student at an educational institution located out of the state and therefore not available for work and *not because* of (1) refusal without good cause to participate in WIN or (2) refusal to accept employment. Therefore, since the reason for termination was not either of the two reasons for termination specified in Regulation 3192.1, which are prerequisite to the subsequent provisions for a 60-day counseling period and family protective payments, this regulation is not controlling under the facts of this case.

A full time student attending school out of the Commonwealth is surely not available for employment under the WIN program. Students who desire to pursue their studies in schools are generally not attached to the labor market. *Douty Unemployment Compensation Case,* 194 Pa. Superior Ct. 220, 166 A. 2d 65 (1960); *Friedman Unemployment Compensation Case,* 201 Pa. Superior Ct. 640, 193 A. 2d 676 (1963).

It is true that there was testimony at the hearing that Palmer is a college graduate who had shown little, if any, interest in employment opportunities that would be compensated for within the range of $10,000 to $19,-000 per annum, since Palmer felt that they were not commensurate with his ability and experience. In the hearing examiner's findings of fact we note the following: "The Appellant admits that at the present time, he is a full-time law student at Howard University in Washington, D.C. Moreover, he does admit that even though he is a college graduate, he has been unemployed for approximately one year."

We are satisfied that the reason Palmer's participation in the WIN program was terminated was the fact that he became a full-time law student. He was accepted in the WIN program prior to his admission to Howard University. It is incongruous with the WIN program and its objectives to provide public assistance when the wage earner in a family unit is not working because he is attending school full time and unavailable for employment in the labor market. Accordingly, we find Regulation 3192.1 not applicable here.

Appellants assert that their due process rights were violated because the Philadelphia County Board of Assistance failed to notify them of the reasons for the termination of assistance. Appellants received notice on October 5, 1971, that, beginning October 29, 1971, their assistance checks would be discontinued and this notice, in part, read:

"We have been informed both by WIN and Mrs. Palmer that Mr. Palmer is now attending Howard University to obtain his graduate degree in law. Because of his school attendance the Bureau of Employment Security has closed his case and WIN has rejected him as an inappropriate referral. These actions have been taken because he is not available to register for or accept full time employment as is expected of an employable person.

"Our policy as spelled out in manual section 3183—along with memo 650 supplement 484, dictates that employable persons who choose to attend college or graduate school in preference to seeking and obtaining full time employment which might provide for the financial needs of himself and his family, are not eligible for PA. Further according to manual 3182, because the employment regulations cannot be met by Mr. Palmer, assistance will have to be discontinued to his wife and minor children for whom he is legally responsible."

Since we have concluded that the reason for Palmer's being terminated from WIN was that he became a full time law student, we are of the opinion that the notice given appellants was adequate and not violative of their due process rights.

Next, appellants claim the record of the hearings of December 1, 1971 and December 13, 1971 is so inaccurate and so poorly transcribed as to render it useless and deprive them of the opportunity to present their case adequately on appeal. We are satisfied that this contention is without merit. It is true that the record has typographical errors and, in some instances, it appears, omissions. However, the errors are not of such magnitude as to make the record so defective as to preclude an intelligent understanding of the testimony. Appellants' able presentation of their case on this appeal belies their assertion that the condition of the rec-

ord precludes their opportunity to present their case adequately. This is particularly true where the pivotal fact that Palmer is now a full time student in Washington, D.C., is undisputed.

The last issue raised by appellants is that the hearing examiner based his decision on a consideration of only the testimony and evidence of the Department of Public Welfare, while disregarding the evidence presented by the appellants. We think it suffices to say that the hearing examiner, as the fact finder, saw and heard the witnesses, and their credibility and the weight to be given their testimony and the evidence presented were matters to be determined by the fact finder. On review, we can only examine the record to determine whether it contains substantial evidence to support the findings made and adjudication rendered. The fact finder must resolve conflicts in testimony and is not required to accept the testimony of any witness, and it is not the function of a reviewing court to weigh conflicting testimony or to judge the weight and credibility of the evidence.

After careful consideration of all questions raised by the appellants, we must affirm the order dismissing appellants' appeal from the discontinuance of public assistance to them and their children.

Order affirmed.

———— · ·  · ·

CONCURRING OPINION BY JUDGE BLATT:

Although I agree with the conclusion reached by the majority, I believe that more note should have been taken of the adjudication of the Hearing Examiner.

The Examiner found in his adjudication that the appellant's assistance benefits had been terminated because he failed to cooperate with the Department and failed to accept work offered to him. As the Examiner stated: "It is the conclusion of the Hearing Examiner,

after a thorough review of the facts presented at the Hearing of the instant case, that the Appellant has not sought employment; he has not followed through on the job opportunities which were available to him by the Bureau of Employment Security. Moreover, he has not kept appointments with the Department of Public Assistance which indicates that he is not cooperating to the fullest degree and in turn indicates that he is not actively seeking employment." Having so found, the Examiner should have applied the procedural safeguards provided in Regulation 3192, which are prescribed in cases where termination from the WIN program is ordered for reasons such as those set forth in his adjudication. This, however, he did not do.

The majority, while stating correctly that the proper reason for terminating the appellant's assistance benefits was that he had become a full time student attending classes in an out-of-state law school, does not allude to the findings of the Hearing Examiner or to the procedures which those findings would properly set in motion.

It should be emphasized, I believe, that this Court is not affirming the Examiner's entire adjudication, but only the conclusion reached therein; i.e., that assistance benefits should be terminated.