Charles Elkowitz, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 4, 1978, before Judges MENCER, ROGERS and DiSALLE, sitting as a panel of three.

*William C. Knapp,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, May 31, 1978:

Charles Elkowitz has appealed from a decision of the Unemployment Compensation Board of Review

denying him compensation pursuant to Section 402(b)
(1) of the Unemployment Compensation Law, Act of
December 5, 1936, Second Ex. Sess., P.L. (1937) 2897,
*as amended,* 43 P.S. §802(b)(1). The Board concluded
that Elkowitz had voluntarily terminated his employ-
ment without cause of a necessitous or compelling na-
ture. We reverse.

Elkowitz worked as a baker for Guentert's Bakery
from July 24, 1975 until May 7, 1976. The parties
agree that Elkowitz was scheduled to work the night
shift on May 9, 1976 and that he did not report for
work on that night or any night thereafter. They dis-
agree concerning events during the week of May 9,
1976 which led Elkowitz to seek unemployment com-
pensation benefits.

Elkowitz contends that he had notified his employ-
er that he was suffering from poison ivy and would be
unable to work, that he later sent his nephew to the
bakery to pick up his paycheck and that the night fore-
man, Mr. Teesdale, told both the nephew and Elkowitz
(by telephone) that Elkowitz's white uniforms should
be returned because Elkowitz was "through" working
for the bakery.

The employer's version is that on May 9, 1976,
Elkowitz reported by telephone that his car would not
start; that Elkowitz was then told to return his white
uniforms not because he was discharged but because it
was the company's policy to launder them on the prem-
ises; and that Elkowitz was never told that he was
fired. This version was testified to by a Mr. Farrell,
the bakery manager, who had not spoken personally
with Elkowitz on any of these occasions, but who had
been told about these conversations by the night fore-
man, Mr. Teesdale, who was not present at the hearing.
The referee found as a fact that Elkowitz had called in
on May 9, 1976 to report that his car would not start,

that he failed to report for work after May 9, 1976 and that the employer had not discharged Elkowitz at any time. Accordingly, the referee concluded that Elkowitz had voluntarily terminated his employment without cause of a necessitous or compelling nature and denied benefits pursuant to Section 402(b)(1) of the Act. The Unemployment Compensation Board of Review affirmed that decision. Elkowitz contends that the findings of the referee are based *solely* on hearsay evidence and, as such, cannot stand. We agree.

In *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976), this Court set forth the guidelines to be used in reviewing decisions of the Unemployment Compensation Board of Review in which the Board's findings are based upon hearsay evidence. We held that:

> (1) Hearsay evidence, *properly objected to,* is not competent evidence to support a finding of the Board. . . . (2) Hearsay evidence, *admitted without objection,* will be given its natural probative effect and may support a finding of the Board, *if it is corroborated by any competent evidence in the record,* but a finding of fact based *solely* on hearsay will not stand. (Citations omitted.) (Emphasis in original.)

*Walker, supra* at 527, 367 A.2d at 370. The hearsay testimony elicited at Elkowitz's hearing was not objected to by the claimant who was not represented by counsel at that time. The findings of fact based upon that hearsay evidence are not, however, corroborated by any other evidence in this record and therefore will not stand. Since these findings of fact are essential to support the decision that Elkowitz voluntarily terminated his employment within the meaning of Section 402(b)(1) of the Act, the order below must be reversed.

ORDER

AND Now, this 31st day of May, 1978, the order of the Unemployment Compensation Board of Review dated November 4, 1976 in the above-captioned matter is hereby reversed, and the record is remanded for computation of benefits.