David C. Beard, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued February 8, 1979, before Judges WILKINSON, JR., MENCER and CRAIG, sitting as a panel of three.

394

*Charles A. Bierbach,* for petitioner.

*Linda M. Gunn,* Assistant Attorney General, for respondent.

OPINION BY JUDGE MENCER, May 3, 1979:

David C. Beard (claimant) has appealed a decision of the Department of Public Welfare (Department) terminating claimant's assistance under Aid to Families with Dependent Children (AFDC). The Department's action was predicated on conduct by the claimant, which the Department contends was tantamount to refusing without good cause two separate bona fide job referrals from the Bureau of Employment Security, in violation of Section 432.3 of the Public Welfare Code (Code).[1] We reverse and remand.

---

[1] Act of June 13, 1967, P.L. 31, *as amended,* added by Section 5 of the Act of July 9, 1976, P.L. 993, 62 P.S. §432.3. Section 432.3 provides, in pertinent part:

A person who is not in a class of persons excluded from mandatory participation in the Pennsylvania employables program and *who without good cause* . . . fails or refuses to

On August 2, 1977, the Huntingdon County Board of Assistance (County Board) notified claimant of its intent to terminate his AFDC assistance as of August 23, 1977 because of claimant's alleged failure to accept two bona fide job referrals in July 1977. The County Board alleged that claimant discouraged employment by the submission to prospective employers of assertions of physical infirmities not documented in the Board's records.[2]

Claimant appealed the County Board's decision to the Department and was afforded a fair hearing. At the ensuing hearing, the County Board relied exclusively on documentary evidence, objected to by claimant's counsel as hearsay, to substantiate its decision. This evidence consisted of two letters from prospective employers to the Board detailing their reasons for not hiring the claimant, two referral and placement reports from the Bureau of Employment Security stating why claimant was rejected, and a letter from Dr. V. Rao reporting the results of an orthopedic evaluation completed on June 6, 1977 for the Bureau of Vocational Rehabilitation. The gist of the first four documents was that claimant was refused employment be-

accept referral to and participate in a vocational rehabilitation or training program, including the work incentive program, or *refuses to accept* referral to and *work in employment in which he is able to engage*, provided such employment conforms to the standards established for a bona fide offer of employment in the Pennsylvania employables program, shall be disqualified from receiving assistance for thirty days thereafter and until such time as he is willing to comply with the requirements of section 405.1 [62 P.S. §405.1]. (Emphasis added.)

*See also* Section 405.1(c) and (d) of the Code, added by Section 3 of the Act of July 9, 1976, P.L. 993, 62 P.S. §405.1(c), (d); 55 Pa. Code §165.23(e)(2).

[2] Under 55 Pa. Code §165.23(f)(2), good cause justifying a refusal of a bona fide job includes a claimant's physical incapacity to do the work offered and his lack of training or skill.

cause he told the employers he was physically unable to do the work required as he had a bad back and could not lift over 25 pounds. Dr. Rao's letter indicated that claimant could "do any type of work which does not involve lifting more than 100 pounds." Claimant testified that he had informed both employers of his disabilities, including his inability to lift more than 25 pounds. Moreover, both the claimant and his wife testified to the debilitating nature of his infirmities.

The hearing examiner reversed the Board and ordered a continuation of claimant's assistance. Pursuant to 55 Pa. Code §275.4(h)(4),[3] the Department's Hearing and Appeals Unit (Appeals Unit) reversed the hearing examiner on the basis of Dr. Rao's letter and there being no evidence that claimant could not do the work required. Upon a petition to reconsider, the Appeals Unit reaffirmed its decision and this appeal followed.

Claimant contends that the Appeals Unit erred because its decision to reverse the hearing examiner was based solely on properly objected to hearsay. We agree.

---

[3] 55 Pa. Code §275.4(h)(4) reads, in pertinent part, as follows:

(4) Optional review by the Secretary. Optional review by the Secretary may be made under the following circumstances:

(i) The decision of the hearing officer is subject to reversal by the Secretary or his designee, the Executive Director, Hearing and Appeals Unit. After a decision by the hearing officer and before the decision becomes final, the appellant will not at this time be afforded an opportunity to submit any oral or written statements of his position to the Secretary. No findings of fact made by the hearing officer will be subject to reversal. However, the Secretary may return the case to the hearing officer for further findings of fact. The reversal must be within ten days from the hearing decision or the number of days remaining in the time periods specified in subsection (b) of this section, whichever is less.

In *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 527, 367 A.2d 366, 370 (1976), we set forth the rule regarding the effect of hearsay in an administrative hearing:

> (1) Hearsay evidence, *properly objected to,* is not competent evidence to support a finding of the Board. . . . (2) Hearsay evidence, *admitted without objection,* will be given its natural probative effect and may support a finding of the Board, *if it is corroborated by any competent evidence in the record,* but a finding of fact based *solely* on hearsay will not stand. (Citations omitted.) (Emphasis in original.)

*See also Elkowitz v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 528, 387 A.2d 160 (1978); *Bracy v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 173, 382 A.2d 1295 (1978). The documents relied on by the Appeals Unit for its decision clearly are hearsay, being out-of-court statements offered for the truth of the matter asserted therein. *See* C. McCormick, Law of Evidence 460 (1954). Although it is conceivable that some of the documents could fall within an exception to the hearsay rule, *see, e.g.,* the Uniform Business Records as Evidence Act, 42 Pa.C.S. §6108, there was no attempt before the hearing examiner to lay a proper foundation for their admission under an applicable exception. Without such an offer, we are unable to determine whether an exception would apply. *See Jones Appeal,* 449 Pa. 543, 297 A.2d 117 (1972). Therefore, being objected-to hearsay, the documents are not competent evidence to support the Appeals Unit's decision.

Without the hearsay, the only remaining evidence is claimant's testimony pertaining to his alleged incapacity. If credible, it could constitute evidence to support a decision that his behavior with respect to

the job referrals was justified. The hearing examiner, however, failed to resolve the issue of claimant's credibility by failing to make any findings of fact on the nature and extent of claimant's alleged disabilities.[4] Without these findings, we are unable to determine whether claimant's conduct was tantamount to a refusal of employment without good cause. Thus, we must remand for findings, by the hearing examiner, on this essential issue. *See Page's Department Store v. Velardi,* 464 Pa. 276, 346 A.2d 556 (1975).

Because of our disposition of this case, we need not here reach claimant's due process attack on 55 Pa. Code §275.4(h)(4).

ORDER

AND Now, this 3rd day of May, 1979, the order of the Department of Public Welfare, dated November 22, 1977, in the above captioned case, is vacated, and the case is remanded to the Hearing and Appeals Unit of the Department of Public Welfare for further proceedings not inconsistent with this opinion.

---

[4] The apparent reason for this failure was the hearing examiner's misconception as to who had the burden to show claimant's capacity to do the work offered. The hearing examiner placed the burden on the County Board. We are of the view, however, that claimant had the burden to show that the information he presented to his prospective employers as to his incapacities was in good faith, *i.e.,* that he truly was incapacitated in relation to the jobs available. *See Barrett v. Otis Elevator Co.,* 431 Pa. 446, 246 A.2d 668 (1968) (the burden of proof may be placed on the party who must prove the existence of a fact rather than on the party who must prove its non-existence and on the party who can more easily discharge the burden) ; *cf. Liebrum v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 401, 379 A.2d 664 (1977) (claimant has the burden of proving good cause for failing to accept two jobs to be eligible for continuing unemployment compensation) ; *Brennan Unemployment Compensation Case,* 192 Pa. Superior Ct. 308, 162 A.2d 31 (1960) (claimant has the burden to prove substantive and reasonable grounds for refusing employment to be eligible for unemployment benefits).