Sandra K. Fink, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Denise Perry, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Deborah Clark, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued May 11, 1979, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Paul Osborne*, with him *Catherine A. Davis*, for petitioner, Sandra K. Fink.

*Louis Lessem*, for petitioners, Denise Perry and Deborah Clark.

*Linda M. Gunn*, Assistant Attorney General, for respondent.

OPINION BY JUDGE ROGERS, July 12, 1979:

These are the consolidated appeals of Sandra K. Fink, Denise Perry and Deborah Clark from orders of the Department of Public Welfare upholding deci-

sions of the Allegheny and Beaver County Boards of Assistance denying their applications for Aid to Families with Dependent Children for themselves. The basis for the denial of appellants Clark's and Perry's applications was that each appellant was an unemancipated minor whose parents refused to execute a DPW form acknowledging the liability of their real estate for assistance provided their child. *See* 55 Pa. Code §257.24(b)(1)(i). The denial of Fink's application was based on the failure of her parents to sign DPW's forms concerning their real estate and, in addition, their refusal to use and liquidate a savings account in the amount of $3,000.00 to the same extent as would be required if they, the parents, were receiving assistance. *See* 55 Pa. Code §181.23(a)(4). We affirm DPW's determination in all three cases.

When she applied for AFDC for herself and her three year old child, Deborah Clark was twenty years old. She had previously supported herself and her child by working as a waitress and, when that job ended, by receiving unemployment compensation benefits. She had never been married and had always lived with her parents. Ms. Clark testified that she continued to live with her parents in order to assist with the care of her mother whose health was poor. She paid $75.00 per month for room rent for herself and her child. The Allegheny County Board of Assistance authorized assistance in the amount of $164.00 per month for Deborah's child and designated Deborah as the specified relative and payment name for her child but denied Deborah's application for assistance for herself.

Denise Perry was nineteen years old at the time she applied for AFDC and was denied benefits for herself. She had been receiving monthly benefits of $158.00 for her child for approximately one year prior to her application for herself and had been designated

as the specified relative and payment name for her child. Ms. Perry and her child lived with her parents and their two younger children and paid $70.00 per month in room rent to her parents.

Sandra K. Fink was eighteen years old and had been receiving AFDC benefits in the amount of $141.00 per month for her child for approximately four months when she applied for and was denied benefits for herself. She and her child were living with her parents but, unlike Ms. Clark and Ms. Perry, Ms. Fink was not paying rent.

All three petitioners have appealed to this Court from orders issued by hearing examiners of the Department of Public Welfare after fair hearings. In each case, the hearing examiner found the applicant to be an unemancipated minor whose parents were liable for her support and that the parents refusal to acknowledge their liability for any assistance provided to the child in the fashion or fashions herebefore disclosed rendered that child ineligible for AFDC benefits.

All of the parties to these appeals agree that the three petitioners are the specified relatives of eligible recipients under the AFDC program and, although living with their parents and under the age of 21, are eligible to receive AFDC benefits as specified relatives. It is the Department's position, however, that in order to receive benefits as a specified relative, the applicant must meet all of the other conditions of eligibility. In the case of an unemancipated minor, one of the conditions of eligibility is the consent of the applicant's parents to abide by the reimbursement provisions of the Aid for Dependent Children and General Assistance programs. It is this condition which these three applicants failed to meet.

The AFDC/GA reimbursement provision, 55 Pa. Code §257.21, states that the rules established by the

Department are the result of an interpretation and application of The Support Law, Act of June 24, 1937, P.L. 2045, *as amended*, 62 P.S. §§1971-1977. Section 4(a) of The Support Law, 62 P.S. §1974(a) provides, in pertinent part:

> [T]he real and personal property of any person shall be liable for the expenses of his support, maintenance, assistance and burial, and for the expenses of the support, maintenance, assistance and burial of the spouse and unemancipated minor children of such property owner, incurred by any public body or public agency, if such property was owned during the time such expenses were incurred. ... Any public body or public agency may sue the owner of such property for moneys so expended, and any judgment obtained shall be a lien upon the said real estate of such person. ...

Pursuant to this authority, the Department had developed a system for reimbursement for assistance granted. As part of that system, DPW requires the parents of an unemancipated minor child who own real or personal property to acknowledge liability for the assistance granted to their child. The parents of the three petitioners all own their own homes and were thus required to sign form PA-9, which granted the Department a lien against their homes, before assistance would be granted to their unemancipated minor children. They refused and their children were denied assistance.

The petitioners initially argue that for the purpose of receiving public assistance, the age of majority is eighteen and not twenty-one years. We disagree.

As previously noted, the reimbursement provisions of the AFDC/GA programs are based upon language contained in Section 4(a) of The Support Law, 62 P.S.

§1974(a) which refers to "unemancipated minor children." Since the word "minor" is not defined either in The Support Law or the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended*, 62 P.S. §§101-1503, it is necessary to look to the Statutory Construction Act of 1972, 1 Pa. C.S. §§1501-1991 for the applicable definition. It is stated at 1 Pa. C.S. §1991 that:

The following words and phrases, when used in any statute finally enacted on or after September 1, 1937, [which both The Support Law and the Public Welfare Code were] unless the context clearly indicates otherwise, shall have the meanings ascribed to them in this section:

'Minor.' An individual under the age of 21 years.

Thus for purposes of The Support Law and the AFDC/GA reimbursement provisions based thereon, a minor is one who is under 21 years of age. We also note that the applicable regulation of DPW found at 55 Pa. Code §257.22 defines an unemancipated minor child as "One who is under 21 years of age, not married, and in the care and control of his parents." We believe that since the three petitioners were all under 21 years of age at the time they applied for AFDC benefits for themselves, they were properly found to be minors.

The next argument advanced by each of the petitioners is that the Department applied the wrong regulation in determining whether the applicant was emancipated or unemancipated and that, under the regulation which should have been used, each applicant must be found to be emancipated. In each case, the hearing examiner relied on the definition found in 55 Pa. Code §145.62 to determine that each applicant was an unemancipated minor. The petitioners correctly point out that this section applies only to the General As-

sistance program and not to the AFDC program under which they were seeking benefits. However, we do not believe that this error requires either reversal or remand since the definition used and the one which should have been used are materially identical. The regulation which was improperly used, 55 Pa. Code §145.62, states: "A minor who has never been married or has the marriage annulled, but who remains under the control of his parents is unemancipated whether he lives in the parental household or not." The regulation which should have been used is 55 Pa. Code §257.22, which defines an unemancipated minor child as: "One who is under 21 years of age, not married, and in the care and control of his parents." We can see no significant difference between these two definitions and thus find that the use of the definition in §145.62 was a technical and insignificant error which requires neither reversal or remand.

We cannot agree with the petitioners' contention that they should have been determined to be emancipated. The critical issue in this regard is whether any of the petitioners can be said to be in the care and control of her parents. We believe that the hearing examiners correctly concluded in each case that she could.

Each petitioner presented evidence at her fair hearing to show that her parents considered her to be an adult and that they placed no restrictions on her conduct. However, the fact that these parents did not place restrictions on their children's conduct does not mean that they were without power to do so, had they so desired. Indeed, the mother of petitioner Fink, when asked how she would enforce her views with respect to her daughter's conduct, answered: "The only way that would be is to say to get out." While it may be true that at the time of the fair hearings, the parents of the three petitioners had not yet chosen

to exercise control over their daughters, they clearly could have done so.

## "ROOMER" ARGUMENT

Petitioners Clark and Perry also argue that because they were paying rent to their parents, they should have been found be "roomers" as defined in 55 Pa. Code §171.22 which provides, in pertinent part:

Assistance unit—any group of persons who occupy a common dwelling unit and who are applying for or receiving AFDC, including AFDC-CU or GA. There shall be only one assistance unit in a dwelling unit except for the following:

(i) The following persons or family groups, or both shall constitute separate assistance units:

(a) A roomer, or roomer and boarder and their dependents with whom they are living. . . . A roomer or boarder, or both is one who pays a fixed fee to a provider of service for room or board, or both. *Defendant children (such as, unemancipated minors) living with their parents or caretaker relatives, are not considered to be roomers or boarders, or both,* unless included as members of the family group that is rooming and boarding. (Emphasis added.)

Since the definition of roomer expressly excludes unemancipated minors, which we have held both Clark and Perry to be, their argument is without merit. Accordingly, we enter the following orders:

ORDER IN 542 C.D. 1978

AND Now, this 12th day of July, 1979, the order of the Department of Public Welfare dated February 21, 1978 denying Denise Perry's application for AFDC benefits for herself is affirmed.

ORDER IN 834 C.D. 1978

AND Now, this 12th day of July, 1979, the order of the Department of Public Welfare dated April 11, 1978 denying Deborah Clark's application for AFDC benefits for herself is affirmed.

ORDER IN 1497 C.D. 1978

AND Now, this 12th day of July, 1979, the order of the Department of Public Welfare dated June 2, 1978 denying Sandra K. Fink's application for AFDC benefits for herself is affirmed.