Christine A. Wilson, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued February 8, 1980, before Judges ROGERS, MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Catharine Stewart*, with her *George R. Price, Jr.*, and *Walter Perry, III*, for petitioner.

*Lenore M. Urbano*, with her *Linda M. Gunn*, Assistant Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, March 25, 1980:

Christine Wilson (Petitioner) applied to the Lycoming County Board of Assistance (Board) for public assistance. At the time of her application, she was seventeen years old and the mother of a small child. She was receiving Aid to Families with Dependent Children (AFDC) benefits for the child and it was through the child's AFDC unit which she sought assistance. She and her child resided in the same house as her mother and a minor sister. The Board, in essence, found that Claimant was an unemancipated minor child, that her mother's income[1] was available to her, and that Claimant, therefore, was ineligible for

---

[1] At the time of the determination, Claimant's mother was receiving $91.00 per week in unemployment compensation benefits.

assistance. Following a fair hearing, the Department of Public Welfare (DPW) affirmed the Board's order. Claimant has appealed to this Court from the order of DPW.

Claimant raises three issues in her appeal to us: whether DPW applied the wrong regulation in determining whether she was emancipated for purposes of being attached to her daughter's AFDC unit, whether DPW erred in determining that she was not emancipated, and whether the regulation applied concerning Claimant's emancipation was based on an irrebuttable presumption which violated her due process rights. We agree with Claimant that DPW applied the wrong regulation. Accordingly, we reverse DPW's order and remand this case for reconsideration in light of the proper regulation.

In determining that Claimant was not an "emancipated minor," DPW applied a definition of that term as found in 55 Pa. Code §145.62:

*Emancipated minor*—This term shall include the following:

(i) A minor who is aged 16 or over, who has left the parental household and has established himself as a separate entity free to act upon his own responsibility, and who is capable of acting independently of any parental control. If such a minor again lives with his parents he will no longer be considered emancipated unless he remains independent of his parents' control.

Claimant argues, correctly, that the above definition applies to emancipation as it relates to general assistance benefits but not to the AFDC benefits for which she applied. She also argues, again correctly, that the definition concerning emancipation applicable to her situation is found at 55 Pa. Code §257.22. *Fink v. Department of Public Welfare,* 44 Pa. Commonwealth Ct. 210, 215-16, 403 A.2d 214, 217 (1979). Section 257.22

defines *"unemancipated* minor child" as "One. who is under 21 years of age, not married, and in the care and control of his parents." The issue we must first determine is whether on the facts of this case, DPW's application of the wrong definition of emancipation resulted in error.

At first glance, this case seems to be controlled by our decision in *Fink v. Department of Public Welfare.* In *Fink,* DPW applied a provision found in 55 Pa. Code §145.62 defining *"unemancipated* minor" ("A minor who has never been married or has the marriage annulled, but who remains under the control of the parents is unemancipated whether he lives in the parental household or not") to an AFDC situation in which the Section 257.22 definition ("One who is under 21 years of age, not married, and in the care and control of his parents") should have been applied. There we held that the two definitions were so "materially identical" that the application of the wrong definition "was a technical and insignificant error which require[d] neither reversal or remand." *Fink v. Department of Public Welfare* at 216, 403 A.2d at 217. Our decision in *Fink* is not controlling here, however, because while the Section 145.62 definition of *"unemancipated* minor" is similar to the definition of *"unemancipated* minor child" found in 55 Pa. Code §257.22, neither is so similar to the definition of *"emancipated* minor" found in Section 145.62(i) and applied here by DPW that the application of the latter to the facts of this case could be held to be without error.

The key factor in all three definitions is whether the minor is under the care and control of his or her parents. Here, however, DPW failed to address the care and control issue adequately, reasoning instead that since Claimant had never left her parental household as required by Section 145.62(i), she could not be

emancipated. Section 257.22 does not require that Claimant leave her parental household in order to be considered emancipated.[2]

We note that Claimant and her mother both testified that Claimant is independent and not under the mother's care and control. Although DPW referred to that testimony in its discussion, it failed to make any findings of fact on the care and control issue and it based its decision to deny benefits to Claimant on a ground totally independent of that issue. For those reasons, this Court is unable to make a determination concerning the care and control of Claimant. Therefore, it is necessary for us to remand this case to DPW for the purpose of making findings of fact and conclusions of law on the care and control and, ultimately, the benefits eligibility issues in light of the applicable regulation at 55 Pa. Code §257.22. *Beard v. Department of Public Welfare,* 42 Pa. Commonwealth Ct. 393, 400 A.2d 1342 (1979); *Palmer v. Department of Public Welfare,* 5 Pa. Commonwealth Ct. 407, 291 A.2d 313 (1972).

Order reversed and case remanded for proceedings not inconsistent with this opinion.[3]

### ORDER

AND Now, this 25th day of March, 1980, the Order of the Department of Public Welfare, case number 19917C2, entered December 20, 1978 is reversed and

---

[2] The definition of "unemancipated minor" found in Section 145.62 and held in *Fink v. Department of Public Welfare* to be comparable to the definition found in Section 257.22 makes irrelevant the question of whether a minor lives in the parental household.

[3] Because we have determined that DPW applied an inappropriate regulation to the facts of this case and because we are remanding the proceedings for reconsideration in light of the proper regulation, we need not address Claimant's argument that the regulation as applied constituted an irrebuttable presumption which violated her due process rights.

the above captioned case is remanded to the Department of Public Welfare for proceedings not inconsistent with this opinion.

President Judge Bowman did not participate in the decision in this case.