Angel Luis Montanez, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 13, 1980, before President Judge CRUMLISH and Judges ROGERS and CRAIG, sitting as a panel of three.

*Michael Goldberg,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, April 9, 1980:

Claimant Angel Luis Montanez appeals from a decision of the Unemployment Compensation Board of Review which affirmed a referee's decision holding that claimant was ineligible for benefits under Section 402(e) of the Unemployment Compensation Law, 43 P.S. §802(e)[1] because his discharge from Calder Manufacturing Company was precipitated by an act of willful misconduct, allegedly failing to report off to the employer before being absent.

Claimant did not come to work from August 29 to September 2, 1977, but the factual dispute was whether or not claimant reported off to his employer before each absence. The referee found that claimant did fail to report, relying on hearsay testimony of employer's representative, given under objection, which was the only evidence to contradict the testimony of claimant and his witnesses.[2] The employer's representative testified that claimant failed to report off on any of the days in question, but that representative was not the person who took calls from employees reporting their absence to their employer. Moreover, the employer provided no records to support the claim that claimant failed to report off before his absences.

Hearsay evidence, properly objected to, is not sufficient evidence to support a finding of the board.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

[2] Claimant testified that he reported off by telephoning his employer on four of the days in question, and that his niece reported him off by telephoning his employer on the fifth day. Claimant was supported by witnesses who testified to seeing and hearing him make three of the calls he claimed.

*Elkowitz v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 528, 387 A.2d 160 (1978).

The burden is on the employer to prove willful misconduct. *Gallagher v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 599, 388 A.2d 785 (1978). Because the only evidence supporting the board's findings was uncorroborated hearsay, the record is devoid of substantial evidence necessary to support a finding of willful misconduct. Therefore, we must hold that the employer failed to meet his burden of proof.

Accordingly, we reverse the decision of the board.

### ORDER

AND NOW, this 9th day of April, 1980, the decision of the Unemployment Compensation Board of Review is hereby reversed and this case is remanded for computation of benefits.