Robert Morris, for Himself and on Behalf of His Wife, Carol Morris, and His Dependent Children, Candee Morris, Beth Morris and Robert Morris, Petitioners *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Robert Morris, for Himself and on Behalf of His Wife, Carol Morris, and His Dependent Children, Candee Morris, Beth Morris and Robert Morris, Petitioners *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued February 4, 1980, before Judges ROGERS, BLATT and WILLIAMS, JR., sitting as a panel of three.

*James Bukac,* for petitioners.

*Edward P. Carey,* with him, *Linda M. Gunn,* Assistant Attorneys General, for respondent.

OPINION BY JUDGE BLATT, May 8, 1980:

Robert Morris (petitioner) appeals here from an order of the Department of Public Welfare (DPW) which terminated his benefits under the Aid to Families with Dependent Children Program (AFDC) and under the food stamp program. He had received AFDC benefits (in the unemployed father category) in the amount of $397.00 per month since May of 1976 for himself, his wife and his three children. The Venango County Board of Assistance notified him on

September 27, 1978, however, that the Bureau of Employment Security had requested an applicant for a full-time job that would become available the next morning at a nearby industrial plant. Having been a welder for 25 years, the petitioner was apparently qualified for the job, which involved cutting scrap metal with a blow torch, and, after receiving this call, he notified the Bureau of Employment Security that he would accept the job and he also returned the call of the County Board of Assistance to relay his acceptance of the offer. The next morning, however, he failed to report for work.

After a hearing, the DPW determined that the petitioner did not have good cause for refusing the job and he was consequently removed from the food stamp program[1] and from the AFDC program,[2] resulting in a decrease of his family's total AFDC benefits from $397.00 to $349.00 per month.

In this appeal, the petitioner makes a broad-based attack on the DPW adjudication, contending: (1) that he refused to accept the proffered employment for good cause, (2) that he was denied a proper hearing, and (3) that DPW's termination procedures denied him due process.

The petitioner initially contends that, because of a back injury, he was physically incapable of doing the work and that this constituted "good cause" for refusing work within the meaning of the DPW regulations.[3] He presented no competent medical evidence at the hearing, however, to prove that he was disabled. He testified that he was not presently under a doctor's care and that he was not taking any medication for his back injury other than aspirin. It is

---

[1] DPW PA. Manual Section 753.551.

[2] 55 Pa. Code §165.23.

[3] 55 Pa. Code §165.23(e)(2).

clear, therefore, that he failed to meet his burden of showing a disability. *Beard v. Department of Public Welfare,* 42 Pa. Commonwealth Ct. 393, 400 A.2d 1342 (1979).

The petitioner also contends that he refused the job for good cause because it would have interfered with a part-time job he held as an auctioneer, and, in particular, that it would have interfered with an auction he had planned to conduct on the evening of Friday, September 29, 1978. Employment in a part-time job, however, is not in itself "good cause" under 55 Pa. Code §165.23(f)(2) for refusing an offer for full-time employment, and DPW was correct in so concluding.

The petitioner further argues that, because the job referral was made at approximately 4:15 P.M. on the day before the job began and because the representative of the County Board of Assistance advised him that it would not be unreasonable for him to refuse the offer, the County Board of Assistance should be estopped from denying that the refusal was for good cause. The record clearly indicates, however, that the petitioner initially accepted the job referral and that he did not produce any evidence to prove that he was in any way prejudiced by the short notice. Moreover, because he failed to show that the lateness of the hour was actually the reason for his refusal, we believe that he cannot now rely on the alleged statement of the County Board of Assistance caseworker to show good cause for his refusal.

In his next series of arguments, the petitioner contends that he was denied procedural due process because he was not permitted to present witnesses or to cross-examine DPW's witnesses, and that the hearing examiner erred in not ordering a medical evaluation of the petitioner's physical condition.

The hearing examiner is required by the DPW regulations "[t]o provide the appellant and the agency representatives with the opportunity to present their case in an orderly manner, to present witnesses, to cross-examine witnesses, and to advance any pertinent fact or argument." 55 Pa. Code §275.4 (f)(3). Our review of the record indicates that the hearing was conducted within these requirements. Unfortunately, the petitioner chose to be unrepresented by counsel and he failed to present any witnesses on his behalf and to cross-examine other witnesses effectively, but he cannot lay any blame for this situation on the DPW.

As to the hearing examiner's alleged error in not ordering a medical assessment of the claimant, we believe that such an independent medical evaluation, obtained at DPW's cost pursuant to 55 Pa. Code §275.4(f)(5), is ordered at the discretion of the hearing examiner, and, in the light of the claimant's own testimony that he was not under the care of a doctor and that he was not taking medication for his alleged disability, we believe that the hearing examiner's decision here was not an abuse of discretion.

Finally, the petitioner argues that his due process rights were violated because the DPW terminated his benefits prior to the optional review of the hearing examiner's decision by the Hearing and Appeals Unit of DPW.[4] Such an optional review occurs only after the welfare recipient has been afforded the opportunity for a pre-termination hearing, and it is a simple procedural safeguard to provide a prompt review of that hearing without an immediate appeal to this Court. Because the optional review does not precede the pre-termination hearing, which itself provides the necessary "effective opportunity to defend by con-

---

[4] 55 Pa. Code §275.4(h)(4).

fronting any adverse witnesses and by presenting . . . arguments orally,'' the optional review is consistent with principles of due process. *Goldberg v. Kelly,* 397 U.S. 254, 268 (1970).

We conclude, therefore, that the DPW order must be affirmed.

### ORDER

AND Now, this 8th day of May, 1980, the order of the Department of Public Welfare is affirmed.

President Judge BOWMAN did not participate in the decision in this case.