John Matela, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued April 11, 1980, before President Judge CRUMLISH and Judges BLATT and CRAIG, sitting as a panel of three.

*David L. Hill,* for petitioner.

*Edward P. Carey,* Assistant Attorney General, for respondent.

OPINION BY JUDGE BLATT, June 12, 1980:

John Matela (petitioner) appeals here from an order of the Department of Public Welfare (DPW) which affirmed the termination of his general assistance grant by the Philadelphia County Board of Assistance (CBA).

The petitioner was required as a condition of his continued eligibility for general assistance to register with the Bureau (now Office) of Employment Security (Bureau) and to accept any employment referrals therefrom. 55 Pa. Code §165.23(a). On April 19, 1979, a Thursday, he received an employment referral from the Bureau. He thereupon called the prospec-

tive employer, who told him that he should begin work the next day. When the petitioner insisted that he could not begin work until Monday, April 23, the employer withdrew the offer. When the Bureau subsequently informed the CBA of the petitioner's refusal, the CBA suspended his general assistance on the grounds that he had either had a job and had not reported income therefrom or that he had refused an offer of employment without good cause. The petitioner appealed and testified at a hearing on the appeal that he could not report on April 20, because (1) he expected someone to call him the next day about another job, (2) he did not have the required boots and gloves for the employment offered, and (3) he did not have transportation to the job offered. He admitted, however, that public transportation was available and that he had not informed his caseworker that he needed gloves and boots. He argues now, however, that he could not have reached the caseworker and completed the procedure for obtaining the needed equipment before the day on which he was to report for work. The hearing examiner concluded that the petitioner had refused a bona fide offer of work without good cause, and his assistance benefits were therefore discontinued pursuant to 55 Pa. Code §165.23(e)(3). This appeal followed.

The petitioner now argues that he had good cause for not accepting the referral and that the DPW's contrary finding is not supported by substantial evidence. We disagree.

The testimony of the petitioner, at best, establishes that he had another job prospect and that he did not have the proper equipment for the job offered. We do not believe, however, that the prospect of another job is good cause for refusing a bona fide job offer. Furthermore, there is no evidence that

the petitioner could not afford to have or could not otherwise obtain the equipment or that he made any effort to obtain it.

It was the petitioner's burden here to produce substantial evidence of good cause for refusing the job offer. *See Beard v. Department of Public Welfare,* 42 Pa. Commonwealth Ct. 393, 400 A.2d 1342 (1979). Moreover, the hearing examiner, as factfinder, was entitled to weigh the evidence and determine its credibility. *See Palmer v. Department of Public Welfare,* 5 Pa. Commonwealth Ct. 407, 291 A.2d 313 (1972). We cannot conclude, in light of these considerations, that the DPW erred in its adjudication.

The order of the DPW will therefore be affirmed.

ORDER

AND Now, this 12th day of June, 1980, the order of the Department of Public Welfare in the above-captioned matter is hereby affirmed.