Melaney Stanton, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued June 5, 1980, before Judges Wilkinson, Jr., Blatt and Williams, Jr., sitting as a panel of three.

*O. Randolph Bragg,* with him *Walter S. Frankow-ski, Jr.,* for petitioner.

*Mary Frances Grabowski,* Assistant Attorney General, with her *Catherine Stewart,* Assistant Attorney General, for respondent.

OPINION BY JUDGE BLATT, August 22, 1980:

Melaney Stanton (petitioner) appeals here from an order of the Department of Public Welfare denying a requested increase in her cash grant under the Aid to Families with Dependent Children program (AFDC).

The petitioner, an unmarried 19-year-old female, has been receiving a cash grant as the specified relative for her minor child. When she applied for cash assistance for herself, however, the Wayne County Board of Assistance (CBA) rejected her application, reasoning that her own maintenance was available to her from her parents with whom she lives. She appealed and a fair hearing was held within the agency, at which she and her mother testified that her parents exercised no control over her and that she was completely free to act on her own. The hearing examiner concluded, however, that she was an unemancipated minor and that her parents were, therefore, financially responsible for her. *See* 55 Pa. Code §187.21 et seq. This appeal followed.

The relevant regulation defines an unemancipated minor child as: "One who is under 21 years of age, not married, and in the care and control of his parents." 55 Pa. Code §257.22. The petitioner here is under 21 and is not married. The only further question, therefore, is whether or not she is "in the care and control of [her] parents."

In *Fink v. Department of Public Welfare*, 44 Pa. Commonwealth Ct. 210, 216-17, 403 A.2d 214, 217 (1979), where the facts were similar, we made the following observation:

> Each petitioner presented evidence at her fair hearing to show that her parents considered her to be an adult and that they placed no restrictions on her conduct. However, the fact that these parents, did not place restrictions on their children's conduct does not mean that they were without power to do so, had they so desired. . . . While it may be true that at the time of the fair hearings, the parents of the three petitioners had not yet chosen to exercise control over their daughters, they clearly could have done so.

We have also noted that the hearing examiner, as the fact-finder, is entitled to weigh a petitioner's testimony and to determine his credibility. *See Palmer v. Department of Public Welfare*, 5 Pa. Commonwealth Ct. 407, 291 A.2d 313 (1972). In the case before us, however, it is not clear whether or not the hearing examiner considered this crucial issue of care and control; nor does the resolution of this issue appear in the adjudication. We must, therefore, remand the record for appropriate findings on this issue. *See Wilson v. Department of Public Welfare*, 48 Pa. Commonwealth Ct. 576, 409 A.2d 1213 (1980); *Beard v. Department of Public Welfare*, 42 Pa. Commonwealth Ct. 393, 400 A.2d 1342 (1979).

## Order

AND Now, this 22nd day of August, 1980, the order of the Department of Public Welfare in the above-captioned matter is hereby set aside, and the record is remanded for additional findings consistent with our opinion herein.