## Commonwealth ex rel. DiCicco v. Gross

*Randy L. Sebastian,* for petitioner.
*William H. Mitman,* for respondent.

WOOD, *J.,* December 23, 1980—Allison Gross was born in 1962 to her mother Phyllis (now DiCicco) and father Richard. Shortly after her conception the parties separated, and thereafter they divorced and went on to remarry and form new families. Allison grew up under her mother's care, and her father (a successful surgeon) contributed regularly to her support.

Allison is now attending Wheaton College in Massachusetts. Everyone agrees that she is capable of doing college work and Dr. Gross's income, which is in excess of $100,000, even after taxes, is certainly sufficient to support a child in college. Phyllis DiCicco brought these proceedings to have us raise the amount of support which Dr. Gross pays, arguing that Allison's college expenses and the doctor's increase in income justify a substantial increase in the order. Dr. Gross, on the other hand, while conceding an obligation to contribute to Allison's college expenses *as such,* argues that since she is now over 18, his duty to pay general support has now ended.

We consider the pertinent facts and figures to be these: The current order was entered in March of

1977, and obliges Dr. Gross to pay $125 per week for Allison's support. Dr. Gross's after-tax income in 1976 was $73,139. By 1979, it had risen to $114,305.* Allison's projected first-year college expenses are $9,490, of which $6,300 is tuition, books and fees, and the balance, room, board, travel, and the like. Mr. and Mrs. DiCicco between them gross about $38,000 per year and Dr. Gross $180,000. Although Allison takes summer jobs, her status as a student prevents her from being self-supporting at this time.

The law of Pennsylvania is that a child is considered a minor and hence entitled to support until age 21. Fink v. Com., 44 Pa. Commw. 210, 403 A.2d 214, 216 (1979). There are a number of exceptions and qualifications to this rule which we have had occasion to discuss in other contexts, but suffice it for purposes of this opinion to note that our appellate courts have consistently required a parent to provide some support for a child in college and under 21, as long as the parent has the means. Momjian & Perlberger, Pa. Family Law §6.10.2(g). Although the cases don't necessarily distinguish between the duty of general support for a college-age child, and the duty to contribute to college expenses, we believe that analytically there is a difference. In other words, we must consider what Dr. Gross's proper contribution is for Allison's general needs, and then how much additional he is obliged to contribute to her college expenses.

Viewing the matter this way, we consider that Dr. Gross's contribution for Allison's general support should stay where it is. We don't view the evidence

---

*To reach these results, we subtracted taxes shown on his income tax returns from his adjusted gross income.

as showing an increase in Allison's requirements for her general needs. On the other hand, we think it equitable to require him to contribute a percentage of Allison's pure college expenses, i.e., the $6,300 which she must expend for books, tuition, fees and supplies. If we combine the gross salaries of both families, we find that Dr. Gross makes 80 percent of that total. Eighty percent of $6,300 is approximately $5,000. We consider that to be Dr. Gross's fair contribution to Allison's college education. That breaks down to approximately $95 per week; and for budgeting and accountability purposes we will simply add that amount to the current support order. The resulting increase in our order, we think, happens to compare appropriately with Dr. Gross's increase in income.

## ORDER

And now, this December 23, 1980, the support order heretofore in effect in the above matter is amended to require that Richard H. Gross pay $220 weekly for the support and education of his daughter, Allison.