Rosa P. Ross, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Karen L. Stauffer, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued June 4, 1981, before Judges ROGERS, BLATT and PALLADINO, sitting as a panel of three.

*Susan Wood,* for petitioners.

*Jean E. Graybill,* Assistant Attorney General, for respondent.

OPINION BY JUDGE ROGERS, July 8, 1981:

We have consolidated for argument and disposition the appeals of Rosa P. Ross and Karen L. Stauffer from final orders of the Director of the Office of Hearings and Appeals of the Department of Public Welfare (DPW), reversing the decisions of a hearing examiner awarding them Aid to Families with Dependent Children (AFDC). We reverse and reinstate the examiner's orders awarding aid.

The petitioners are twenty-year-old unwed mothers residing in their mothers' household. Both were found ineligible for AFDC by the Lancaster County Board of Assistance (CBA) on the ground that they lived in their parental households and thus were not emancipated minors as defined in 55 Pa. Code §145.62 (i), which provides that an emancipated minor is one who "is age 16 or over, who has left the parental household and has established himself as a separate entity free to act upon his own responsibility and who is capable of acting independently of any parental control."

After hearing, an examiner found in each case on undisputed evidence that the petitioner used her in-

come in whatever manner she wished; that each paid rent to her mother; that each obtained credit and incurred obligations in her own name; that each was solely responsible for clothing, medical expenses and insurance for herself and her child; that each was not claimed as a dependent by her parents for federal income tax purpose; and finally that neither was under the care or control of her parents.

The hearing examiner concluded that the definition set forth at 55 Pa. Code §145.62(i), which includes as an element of emancipation the act of leaving the parental household, did not apply; but that the definition applicable was that which appears at 55 Pa. Code §257.22, which makes no reference to presence in or absence from the parental household and defines the unemancipated minor as ''[o]ne who is under 21 years of age, not married, and in the care and control of his parents.'' Accordingly, the hearing examiner held that the petitioners were not unemancipated minors and thus were entitled to an award of AFDC benefits.

The hearing examiner's orders were reversed by separate orders of the Director of the Office of Hearings and Appeals on his conclusion that, as a matter of law, the definitions found at 55 Pa. Code §145.62(i) applied to cases concerning the eligibility of a minor for AFDC benefits and that since the petitioners resided in their mothers' household, they were not emancipated minors entitled to benefits.

The petitioners contend that the Director erred in applying the definition at 55 Pa. Code §145.62(i) to determine their eligibility cases. We agree. We have previously held that the definitions contained at 55 Pa. Code §145.62, clearly labeled ''GA [General Assistance] AGE PROVISIONS,'' have no applicability to an application for AFDC. *Wilson v. Department of Public Welfare,* 50 Pa. Commonwealth Ct. 232, 412 A.2d 691 (1980); *Fink v. Department of Public Wel-*

*fare,* 44 Pa. Commonwealth Ct. 210, 403 A.2d 214 (1979) *aff'd,* 491 Pa. 415, 421 A.2d 205 (1980). *Accord, Stanton v. Department of Public Welfare,* 53 Pa. Commonwealth Ct. 540, 417 A.2d 1348 (1980).

*Stanton* and *Wilson* involved the exact issue presented here; that is, whether an unwed minor mother is ineligible for AFDC solely on the ground that she resides in the parental household. In both, we held that the definition of an unemancipated minor contained in 55 Pa. Code §257.22 controls; that under this definition ineligibility does not follow solely from the fact of the minor's residency with parents; but that under this definition the key factor in determining whether a minor is unemancipated and thus ineligible for AFDC is whether she is under the care and control of her parents.

Whether a minor is under the care or control of her parents is a question of fact. *Caddy v. Department of Public Welfare,* 14 Pa. Commonwealth Ct. 317, 322 A.2d 140 (1974). *See Stanton, supra; Wilson, supra; Fink, supra.* The hearing examiner in the instant cases found as fact that neither petitioner was under the care and control of her parents. The hearing examiner is the ultimate finder of fact in these matters, *Stanton,* 53 Pa. Commonwealth Ct. at 540, 417 A.2d at 1349; and the Director may not set aside the hearing examiner's findings of fact.[1] Nor may this Court disregard the hearing examiner's findings of fact if they are supported by substantial evidence. *See, e.g. St. John's General Hospital v. Department of Public Welfare,* 56 Pa. Commonwealth Ct. 535, 425 A.2d 69 (1981). We have carefully examined the record in both of these cases and, while we might not agree with the hearing examiner's findings that neither petitioner is under the control of her parents, *see Fink,*

---

[1] The Director may return the matter to the hearing examiner only for further findings of fact. 55 Pa. Code 275.4(h)(4)(i).

44 Pa. Commonwealth Ct. at 216-217, 403 A.2d at 217, we cannot say that the hearing examiner's findings of fact are not supported by substantial evidence.[2]

Finally, DPW suggests that in the event this Court decides that the definitions contained in 55 Pa. Code §145.62 do not apply to AFDC applicants, we should also decide that the definition of an unemancipated minor set forth at 55 Pa. Code §257.22 does not apply and that the common law definition of an emancipated minor should control the determination of an unwed minor parent's eligibility for AFDC. At common law, a minor is emancipated when there is a severing of the filial tie, i.e., when he or she is no longer in the care or under the control of his or her parents. See, e.g., Detweiler v. Detweiler, 162 Pa. Superior Ct. 383, 57 A.2d 426 (1948); and the determination of a minor's status is a factfinding function and emancipation may be found although the minor resides in the parental household. Id. Hence, the common law definition of emancipation and the definition of unemancipation found at 55 Pa. Code §257.22 are, although one is affirmative, the other negative, essentially identical. Therefore, the result here would be the same under either definition.

Orders reversed.

### Order

And Now, this 8th day of July, 1981, the final orders of the Director of the Office of Hearings and Appeals, dated February 29, 1980 and March 27, 1980, respectively, reversing the decisions of the hearing

---

[2] DPW, of course, has the authority to amend its regulations to provide that for the purposes of determining eligibility for AFDC, a minor shall not be deemed emancipated if he or she resides in the parental household. Such regulation would doubtless be challenged. Cf. Wilson, supra (due process challenge to the definition of an emancipated minor contained in 55 Pa. Code §145.62 raised but did not require resolution by the Court).

examiner awarding AFDC benefits to Rosa P. Ross and Karen L. Stauffer, are reversed and the respective orders of the hearing examiner, dated February 22, 1980 and March 6, 1980, are hereby reinstated.