Susan E. Hasson, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs May 12, 1983, to Judges BLATT, MACPHAIL, and BARBIERI, sitting as a panel of three.

*Frank J. Piatek,* for petitioner.

*Roger T. Margolis,* Assistant Attorney General, with him *Bradford Dorrance,* Assistant Counsel, for respondent.

OPINION BY JUDGE BLATT, June 15, 1983:

Susan E. Hasson (petitioner) appeals from an order of the Department of Public Welfare (DPW) which affirmed the County Assistance Office's determination of ineligibility for her assistance unit. The denial of General Assistance was based on a finding that her husband had refused to sign an acknowledgment of liability on the house in which they lived and which he and his mother owned.

55 Pa. Code §257.21(c)(4) provides that the owner of real property will be liable for the assistance received by himself and certain of his relatives. And 55 Pa. Code §257.24(a)(ii) provides that if a person who is liable for reimbursement refuses to sign the proper acknowledgment of liability, assistance will be discontinued.

The petitioner challenges the ruling of the DPW on the basis that her husband is not an "owner" of the property in question.[1]

Our scope of factual review is limited to a determination of whether or not the record contains substantial evidence to support the findings of fact. *Palmer v. Department of Public Welfare,* 5 Pa. Commonwealth Ct. 407, 291 A.2d 313 (1972).

---

[1] The petitioner first argues that although her husband's name was on the deed as an "owner", the parties did not intend that he actually "own" the property. She does not cite any authority in support of her proposition that the intent of the parties is relevant here.

She further argues that her husband transferred the property in question to his mother, and he cannot sign a lien on property he no longer owns. The petitioner, however, did not offer the Hearing Examiner any substantiation for her claim that her husband was not then an owner of the property. Additionally, even if she had offered proof that her husband had transferred the property to his mother, this action could still affect their eligibility. 55 Pa. Code §177.23(b).

The petitioner admitted that her husband's name was on the deed to the property in question as "a co-owner", and this testimony was corroborated by an employee of the DPW who testified that the records in the county courthouse listed both the petitioner's husband and his mother as the owners of the property. The petitioner has also admitted that her husband refused to sign the required acknowledgment of liability.

We believe, therefore, that the finding of the DPW on this issue is clearly supported by substantial evidence, and we will affirm the conclusion of the DPW that benefits must be denied.

### ORDER

AND Now, this 15th day of June, 1983, the order of the Department of Public Welfare in the above-captioned matter is hereby affirmed.