Ms. Lorene C. Weiss, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued December 5, 1977, before Judges Wilkinson, Jr., Rogers and DiSalle, sitting as a panel of three.

*Mark I. Weinstein,* with him *Jeffry L. Gilbert* and *Harold J. Funt,* for appellant.

*Robert B. Hoffman,* Assistant Attorney General, for appellee.

Opinion by Judge DiSalle, January 23, 1978:

This petition for review concerns an adjudication and order of the Department of Public Welfare (DPW) dated August 18, 1976, finding Ms. Lorene C. Weiss (Petitioner) liable for overpayments made to her by the DPW, and ordering her to make restitution thereof.

Petitioner and her four children were receiving public assistance in August of 1975. The category of this assistance grant was Aid to Families with Dependent Children (AFDC). In August of 1975, at the request of her caseworker, Petitioner applied for Federal Supplemental Security Income (SSI) disability benefits for two of her children. In October 1975, SSI benefits were granted to the children, retroactive to August 1, 1975. On September 29, 1975, Petitioner signed a PA 176-K reimbursement form acknowledging her liability to repay the DPW from any SSI awards received by the two children.

After receiving the initial lump sum SSI checks in October of 1975, Petitioner immediately reported this fact to her caseworker and tendered the checks to her. The caseworker refused the checks and informed Petitioner that the two children could not be removed from the AFDC grant until the County Board received formal notification of the award from the Social Security Administration (SSA). Formal notification from the SSA was not received by the County Board of Assistance until April 8, 1976, at which time petitioner's grant was reduced from $349 to $291 per month. The County Board of Assistance then requested the Petitioner to make restitution for the AFDC benefits paid to the two children during the period they had also been receiving SSI benefits, but the Petitioner refused to comply.[1]

Section 3814.1 of the Department of Public Welfare Public Assistance Manual (DPW-Pa. Manual) provides that under certain circumstances, recipients of public assistance are not liable for overpayment of benefits. In pertinent part, it states as follows:

---

[1] The overpayment in this case was classified as non-fraud under Section 3812.2 of the Manual.

Exemptions from Restitution

Restitution is waived on overpayments that are:

(a) Due solely to administrative error. The overpayment is due to administrative error if all of the following conditions exist.

1. The County Office failed to get, interpret, or apply appropriately the facts about the client's situation; and

2. The client fulfilled his obligation for reporting to the best of his ability; and

3. The client could not have been expected to know that his grant was more than he was eligible to receive.

The Petitioner claimed that she was exempt under the foregoing provisions and an administrative hearing was held. The hearing examiner determined from the testimony that condition 3 had not been demonstrated and, therefore, restitution could not be waived for Petitioner.

This Court must affirm the adjudication of the DPW if the necessary findings of fact are supported by substantial evidence, the adjudication is in accordance with law and the Petitioner's constitutional rights have not been violated. *Earley v. Department of Public Welfare*, 13 Pa. Commonwealth Ct. 17, 317 A.2d 677 (1974).

The narrow issue in this case is whether there is substantial evidence present in the record to support the hearing examiner's finding that the Petitioner, under Section 3814.1(a)(3), could have been expected

to know that her grant was more than she was eligible to receive. The record fully supports the conclusion reached by the hearing examiner.

Petitioner was informed on several occasions that her two children were not eligible to receive benefits simultaneously from both the AFDC and SSI programs. In fact, Petitioner admitted at the hearing that she had offered the initial SSI lump sum checks to her caseworker because she knew that was required to reimburse the assistance office for any AFDC benefits paid to the two children. In addition, Petitioner signed a PA 176-K reimbursement form, acknowledging her responsibility to make such repayments. Thus, there is substantial evidence in the record which amply demonstrates that the Petitioner knew that her grant was more than she was eligible to receive, once the SSI benefits were commenced. Therefore, the qualifying condition of Section 3814.1 (a)(3) has not been met and the Petitioner's knowledge of the overpayments precludes the waiver of the restitution requirement.

Petitioner contends that although she may have had knowledge of the overpayment, it was the caseworker's responsibility to terminate the AFDC overpayment as soon as the caseworker had been notified by the Petitioner that she received the initial SSI checks. This argument is meritless. The record discloses the salient fact that Petitioner knew that her grant was more than she was eligible to receive. Once this is established, the caseworker's failure to reduce the Petitioner's allotment is immaterial. Accordingly, we affirm.

### Order

And Now, this 23rd day of January, 1978, the order of the Department of Public Welfare dated August 18, 1976, is hereby affirmed.