Lisa Wilson, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued November 15, 1979, before Judges CRUM-LISH, JR., DiSALLE and CRAIG, sitting as a panel of three.

*Louis Lessem,* for petitioner.

*Catherine Steward,* Assistant Attorney General, for respondent.

OPINION BY JUDGE CRAIG, January 18, 1980:

Petitioner Lisa Wilson appeals from the Department of Public Welfare's decision which approved the action of the Allegheny County Board of Assistance terminating petitioner's public assistance.

On the basis of an anonymous complaint, containing information that petitioner had been employed for approximately two years by the American Music Exchange and had received compensation in the form of wages, room and board, and company stock that remained in the possession of the company's attorneys, petitioner's caseworker initiated assistance redetermination procedures.

Petitioner contends that the department did not follow its own regulations in that she was not afforded a personal interview to investigate the validity of the anonymous allegations before the department sent the notice proposing to terminate her assistance, allegedly in violation of 55 Pa. Code §201.4(c)(1) which simply

requires a personal interview for a partial redetermination. Further, because the termination proceedings were initiated before contact with her, petitioner contends that the assistance office was in effect using the anonymous complaint, and not the client, as the primary source of information, in violation of regulations at 55 Pa. Code §201.1(1), which state that: "The client will be the primary source of information in establishing eligibility for financial assistance."

Testimony at the fair hearing indicates that petitioner's caseworker unsuccessfully attempted to communicate with petitioner before sending notification of potential termination.[1] The regulation does not explicitly require personal contact with a recipient before sending that notice. Further, the notice of termination informs the recipient of the outstanding complaint and notifies the recipient that the recipient is responsible for providing information to refute the allegations.

In *Baker v. Department of Public Welfare,* 38 Pa. Commonwealth Ct. 478, 393 A.2d 1064 (1978), this court held that department regulations placed the burden of establishing eligibility on the recipient; the recipient has the burden to verify income or lack thereof.

The record shows that petitioner did not contact her county assistance office to provide requested information before the hearing. However, at the hearing petitioner had ample opportunity to present evi-

---

[1] The caseworker testified that on August 18, 1978 she received the anonymous complaint from the district director and called Ms. Wilson at home, but there was no answer. Then, placing a call to the American Music Exchange, and identifying herself as a caseworker, the Lisa Wilson who answered indicated that she was not *the* Lisa Wilson.

The caseworker then sent a form to Ms. Wilson to request information regarding the factual allegations in the complaint and, receiving no response, finally sent the notice of possible termination to the American Music Exchange.

dence of her nonreceipt of income and to refute the allegations contained in the anonymous complaint.

The record supports the hearing examiner's determination that the procedures for redetermination of assistance eligibility were carried out properly.

However, because the hearing examiner's findings of fact are incomplete, we will remand this case to the hearing examiner for further findings.

The hearing examiner found that: (1) petitioner presented a letter at the hearing dated September 28, 1978, from her employer, stating that petitioner was doing volunteer work at the American Music Exchange; (2) the assistance office received no reply from the American Music Exchange on the department's request for employment information; (3) a report on wage information from Bureau of Employment Security Records shows no wages for the appellant.

Although the hearing examiner concluded that petitioner had not met her burden with regard to the nonreceipt of stock in the company, that point is not dispositive because there was no evidence whatsoever —only the anonymous complaint—with respect to payment in stock. Nothing in the hearing examiner's findings or conclusions indicates, most importantly, whether or not petitioner was an employee of the American Music Exchange, and, further, whether or not she was receiving compensation in the form of wages of any kind.

Therefore, we remand to the hearing examiner for findings on those basic matters.

## ORDER

AND Now, this 18th day of January, 1980, the order of the Department of Public Welfare in the above-captioned matter is reversed and remanded to the fair

hearing examiner for further proceedings consistent with this opinion.

This decision was reached prior to the expiration of the term of office of Judge DiSalle.