Thelma Williams, Petitioner v. Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued March 6, 1981, before Judges BLATT, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Paulette Ettachild,* for petitioner.

*Catherine Stewart,* Assistant Attorney General, for respondent.

OPINION BY JUDGE CRAIG, April 6, 1981:

This is an appeal from a decision of the Department of Public Welfare (DPW) reversing an examiner's adjudication, which continued the eligibility of Thelma Williams (petitioner) for assistance after a hearing on allegations that she had become ineligible under 55 Pa. Code §183.1.[1] We must reverse the DPW action.[2]

The basis for DPW's reversal of the board's decision was the view that petitioner had violated 55 Pa. Code §§201.1, 201.4(a)(1) by failing to cooperate with DPW upon its receipt of inconsistent information.[3] Although such a violation, if true, may itself constitute sufficient grounds for a determination of ineligibility, no such violation was properly charged here.

---

[1] The regulation reads:

All income will be taken into account when determining both the need of the client and the amount of the grant by following the specified procedures.

[2] The scope of our review is to determine whether the DPW adjudication is in accordance with the law, supported by substantial evidence and whether petitioner's constitutional rights were violated. *Dragan v. Department of Public Welfare,* 39 Pa. Commonwealth Ct. 599, 396 A.2d 77 (1979).

[3] 55 Pa. Code §201.1(1) states in part:

Client as the primary source of information. Regulations concerning the client as the primary source of information are as follows:

(1) The client will be the primary source of information in establishing eligibility for financial assistance. As a condition of eligibility the client will be required, to the extent that he is able, to substantiate the information he has provided by documentary evidence or such other means as may serve to establish the truth of his statements.

62 P.S. §432.17 states:

> The department shall provide timely and adequate notice in all cases of intended action to discontinue, terminate, suspend or reduce an assistance....
>
> 'Adequate notice' means a written notice that includes a statement of what action the agency intends to take, the *reasons* for the intended action, *the specific regulation. or statutes supporting such action....* (Emphasis added.)[4]

With respect to the ultimate basis for the DPW action, the required notice was not given. Petitioner received a standard Pa. 162-A form notice which stated that assistance would be discontinued because of the purported receipt of $1,000 and residence with her husband, citing the income provision, 55 Pa. Code §183.1. The notice made no reference to any violation of the verification provisions, 55 Pa. Code §§201.1, 201.4, on which DPW relied, nor were those regulations cited in the notice.

In effect, the petitioner had no hearing on the charges finally adopted by DPW; neither she nor the hearing examiner were apprised that those particular charges were at issue.

---

[4] The regulations, at 55 Pa. Code §133.4(b)(3), amplify the statutory requirement of notice:

(ii) The notice (Form Pa. 162-C or Pa. 162-A) must contain the following:

....

(B) *The reasons for the action,* including all the facts on which the action is based in as much detail as possible.

....

(D) *A citation* and brief explanation of regulations as the basis for the action.

....

(iii) These notices shall be completed in simple, nontechnical terms and sufficient in detail *so that the basis for the action is understandable to the client....* (Emphasis added.)

Thus we reverse, without prejudice to the examination of verification issues pursuant to proper notice.

ORDER

Now, April 6, 1981, the Department of Public Welfare's orders of March 31 and April 23, 1980 are reversed and the Hearing Examiner's order of March 19, 1980 is reinstated.

Judge WILKINSON, JR. did not participate in the decision in this case.