**Stanley Juras, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.**

Submitted on briefs February 2, 1983, to President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*G. Clayton Nestler,* for petitioner.

*Carol A. Genduso,* Assistant Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, March 29, 1983:

Stanley Juras (Petitioner) has appealed from a final order of the Department of Public Welfare (DPW) which affirmed the discontinuance of his public assistance benefits due to Petitioner's failure to attend an eligibility redetermination appointment with his caseworker. We reverse and remand.

The record and the hearing examiner's findings reflect that Petitioner was authorized to receive general assistance (GA) and medical assistance (MA) benefits beginning on September 21, 1979. A Fayette County Assistance Office (CAO) caseworker attempted to telephone Petitioner on or about April 28, 1980 to schedule an eligibility redetermination appointment as required by applicable law.[1] Petitioner was not at home and did not return the call although the caseworker left a message with Petitioner's mother. On June 12, 1980, the caseworker sent Petitioner a notice which read in its entirety as follows:

Please visit the Assistance Office [at] 10:30 on Monday 6/16/80. Bring a rent receipt from your mother.

Petitioner neither appeared at the CAO on June 16 nor contacted his caseworker to explain his absence. Consequently, the caseworker issued a form PA 162-A on June 18, 1980 notifying Petitioner that the CAO

---

[1] *See* Section 432.2(c) of the Public Welfare Code (Code), Act of June 13, 1967, P.L. 31, *as amended,* 62 P.S. §432.2(c) and 55 Pa. Code §§133.23(a)(1)(vi)(B), (c), 133.84.

proposed to discontinue his GA and MA benefits effective July 2, 1980 due to the CAO's inability to verify Petitioner's continued need for assistance.[2] Petitioner filed a timely appeal from the CAO's decision. Following a fair hearing, the examiner determined that Petitioner's benefits had correctly been discontinued due to his failure to appear for the redetermination appointment.

On appeal to this Court, Petitioner argues that his benefits were improperly terminated on the basis of his failure to appear for a single appointment particularly since the notice for that appointment did not state the purpose of the meeting or the consequences which would result from a failure to appear. Petitioner testified that he missed the appointment because he was out of town from June 12 through July 9, 1980.

At the fair hearing the examiner defined the issue before her as follows:

> [W]hether or not the County Assistance Office was acting in accordance with the Departmental regulations when they discontinued Mr. Juras' cash assistance and medical assistance benefits effective July 2, 1980 for his alleged failure to keep a redetermination appointment.
>
> . . .

---

[2] We observe that the CAO cited 55 Pa. Code §133.23(a)(1)(vi)(B) as the regulatory support for its proposed action. That provision relates solely to redetermination of eligibility for AFDC/GA. The notice makes no reference to 55 Pa. Code §133.84 which deals with redetermination for MA. We note that both Section 432.17 of the Code, 62 P.S. §432.17 and 55 Pa. Code §133.4(b)(3) require that the notice include a citation to the specific regulations which support the proposed action. *See also Williams v. Department of Public Welfare*, 58 Pa. Commonwealth Ct. 285, 427 A.2d 761 (1981). Since Petitioner has failed to raise this defect in the PA 162-A notice, however, we will consider the notice to be valid as to both Petitioner's GA and MA benefits.

Unfortunately, we have found no case law directly pertaining to the issue of whether the failure to appear for a redetermination appointment *in and of itself* warrants the termination of public assistance benefits. We rely, therefore, on our review of the Code and relevant regulations which do not reveal any authority for an automatic termination of benefits for the failure to attend a redetermination interview. Thus, we conclude that the issue, as framed before the hearing examiner, was incorrectly resolved as a matter of law.[3]

We are aware, of course, that Petitioner bears the burden of demonstrating his eligibility for public assistance benefits. *Dempsey v. Department of Public Welfare,* 45 Pa. Commonwealth Ct. 121, 404 A.2d 1373 (1979). Thus, when Petitioner failed to appear for the redetermination interview we think the CAO was clearly justified in issuing the form PA 162-A.[4] This action put Petitioner on notice that his public assistance benefits would be terminated unless he was able to establish his continued eligibility for the benefits. Petitioner's subsequent timely appeal from the PA 162-A notice entitled him to a fair hearing at which time he could attempt to meet his burden of demonstrating continued eligibility. In the instant case, DPW dismissed Petitioner's appeal on the sole basis of his failure to appear for the redetermination interview and did not address the substantive issue

---

[3] Our scope of review in cases of this nature is to determine whether the adjudication by DPW is in accordance with the law, whether the fact findings are supported by substantial evidence and whether any constitutional rights have been violated. *Williams.*

[4] We cannot agree with Petitioner that the CAO may never act to terminate benefits unless a personal interview with the public assistance recipient has first occurred. *See Wilson v. Department of Public Welfare,* 48 Pa. Commonwealth Ct. 576, 409 A.2d 1213 (1980).

of Petitioner's continued eligibility for public assistance. We, accordingly, believe a remand is in order for the purpose of affording Petitioner an opportunity to present proof of his continued eligibility.

We find support for our decision in the case of *Wilson v. Department of Public Welfare*, 48 Pa. Commonwealth Ct. 576, 409 A.2d 1213 (1980). In *Wilson*, a caseworker initiated an eligibility redetermination based on an anonymous complaint that Ms. Wilson was employed. As in the instant case, the caseworker unsuccessfully attempted to contact Ms. Wilson before sending out a notice of termination. Ms. Wilson appealed from the notice but did not contact her caseworker prior to the fair hearing. We, nevertheless, recognized that Ms. Wilson could present evidence of her nonreceipt of income at the hearing. Likewise, in the instant case, we think Petitioner was entitled to present evidence at the fair hearing to refute the CAO's conclusion that he is no longer in need of public assistance.

To summarize our holding, we conclude that the CAO correctly issued the form PA 162-A upon Petitioner's failure to attend the redetermination interview. We also conclude that DPW erroneously found that the failure to appear for a redetermination interview in and of itself warrants a termination of public assistance benefits. Accordingly, a remand is necessary to determine whether Petitioner continues to be eligible for public assistance.

We note that Petitioner's attorney did not attempt to introduce evidence at the fair hearing of Petitioner's continued need for public assistance, thus raising the issue of whether Petitioner has waived his right to present further evidence at this stage of the proceedings. We believe that in the interest of fairness and in recognition of the declared legislative

intent to provide public assistance to all of the Commonwealth's needy,[5] that a remand is in order to allow Petitioner an opportunity to meet his burden of proof. We, accordingly, will reverse and remand for further proceedings consistent with the foregoing opinion.

ORDER

The order of the Department of Public Welfare, dated September 9, 1981, Case No. 108122-D, is reversed and remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

President Judge CRUMLISH dissents.

---

[5] Section 401 of the Code, 62 P.S. §401.