Benita A. Charlesworth, Petitioner v. Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued September 15, 1983, before Judges CRAIG, BARRY and BLATT, sitting as a panel of three.

*Samuel W. Milkes,* for petitioner.

*Bradford Dorrance,* Assistant Counsel, with him *Roger T. Margolis,* Assistant Counsel, for respondent.

OPINION BY JUDGE BARRY, February 22, 1984:

Before us is a petition for review filed by Benita Charlesworth (claimant) from a finding by the Department of Public Welfare (DPW) that she was overpaid Aid to Families with Dependent Children (AFDC) benefits on behalf of herself and her two minor children. Claimant contends that the overpayment notice sent to her by DPW included no explanation as to how the $1,206.00 overpayment was calculated, no notification of her right to appeal or any deadline for her appeal, no notification as to her right to counsel, and no citation of regulations supporting the DPW action, all in derogation of state and federal

law. She contends that since DPW's procedure was inadequate, it must proceed as a general creditor to recover the overpayment. Claimant also contends that DPW failed to develop an adequate record at the hearing conducted in her case and that, therefore, there is an inadequate record before us on appeal. We disagree with both contentions of claimant in this matter, and affirm the decision of the DPW denying her appeal.

In support of her contention that DPW's notice of overpayment was inadequate, claimant calls our attention to Section 432.17 of the Public Welfare Code, Act of June 13, 1967, P.L. 31, added by Section 432.17 of the Act of July 15, 1976, P.L. 993, 62 P.S. §432.17:

The department shall provide timely and adequate notice in all cases of intended action to discontinue, terminate, suspend or reduce an assistance grant except in those cases where adequate notice alone would be consistent with the requirements of Federal law or regulation.

. . .

"Adequate notice" means a written notice that includes a statement of what action the agency intends to take, the reasons for the intended action, the specific regulations or statutes supporting such actions, an explanation of the individual's right to request an evidentiary and an administrative hearing on the propriety of the intended action and the circumstances under which assistance is continued if a hearing is requested. . . .

She also cites 55 Pa. Code §133.4(b) as requiring use of specific forms providing the client with timely and adequate advance notice of a proposed action, containing the date an appeal must be received, and

providing a listing of the legal services available in the county, and a citation and brief explanation of the regulations used as the basis for the action, whenever an action proposes to decrease, suspend or discontinue a grant. She also points to 55 Pa. Code §255.4(i)(3), which describes the procedure for collection of debts from public assistance recipients. That section states that generally the first step in the collection process is to arrange an interview with the debtor to determine the correctness of the claim and to work out a payment schedule. Because her overpayment notice did not conform to the requirements above cited, claimant contends that her right to due process has been violated.

As we stated in *Weiss v. Department of Public Welfare,* 33 Pa. Commonwealth Ct. 344, 347, 381 A.2d 1027, 1028 (1978):

> This Court must affirm the adjudication of the DPW if the necessary findings of fact are supported by substantial evidence, the adjudication is in accordance with law and the Petitioner's constitutional rights have not been violated. Earley v. Department of Public Welfare, 13 Pa. Commonwealth Ct. 17, 317 A.2d 677 (1974) (citation in original).

*See also Williams v. Department of Public Welfare,* 58 Pa. Commonwealth Ct. 285, 286, 427 A.2d 761, 762 (1981).

The state and federal regulations governing written notice find their origin in *Goldberg v. Kelly,* 397 U.S. 254 (1970), where the Supreme Court held that due process requires that a recipient be afforded a full evidentiary hearing prior to the termination of benefits. This requirement is designed to protect needy persons from summary administrative action which could deprive them of future assistance. In

the instant case, claimant concedes the overpayment of past benefits. Her right to future assistance will not be jeopardized by her payment or nonpayment of DPW's claim. The regulations cited by claimant concern a proposal by DPW to decrease, suspend or discontinue a grant. In claimant's case, however, the overpayment notice made no reference to a reduction, suspension or discontinuance. Regulations concerning restitution procedures mention nothing about any requirement to provide the recipient with specific written notice. The regulation in 55 Pa. Code §255.4(i)(3)(iii)(A) which concerns an informal interview with the recipient to determine the correctness of the claim and to work out a payment schedule is, as the hearing officer correctly observed, merely a general guideline and not a mandated procedure in restitution cases. We note also that since claimant conceded the validity of DPW's claim, such an interview was unnecessary. The overpayment notice sent to claimant asserted an obligation to repay DPW the sum of $1,206.00. DPW has not taken action to enforce collection of its restitution claim by starting proceedings to reduce it to judgment. Unless and until it does so, it is in the position of a general creditor. No special issues under Goldberg, id., are created when DPW is acting as a general creditor.

Claimant's contention that the record at the initial hearing in this case and the record before this Court is insufficient to support DPW's case is based upon the introduction by DPW of three blank form letters at the hearing. Claimant contends that none of these letters actually represents the letter sent to claimant and that the testimony showed that a copy of the true computer-generated letter may have been available but DPW failed to produce it. Our examination of the record reveals, however, at R. 4-5, that DPW did not have an exact copy of the collection notice sent

to claimant, but only the type of notice form which was sent. Introduction of three form letters in the record which are reasonable facsimiles of the notice sent to claimant was adequate since the only difference between those letters and the actual notice was certain information such as the amount of the claim, the date the overpayment was discovered, and claimant's name and address—information already known to her. Because she conceded overpayment, any possible error involved in introduction of these form letters at the hearing was harmless.

Because we conclude that the state and federal regulations requiring written notice apply only to cases where DPW proposes to take action which could affect a recipient's future grant of assistance, this notification requirement is inapplicable in the case before us, which involves past benefits.[1]  We conclude

---

[1] No event has occurred while this appeal is pending which renders it impossible for the requested relief to be granted, *Chester Upland School District v. Chester Upland Education Association*, 64 Pa. Commonwealth Ct. 523, 440 A.2d 1283 (1982), and therefore, any contention that this appeal is moot because claimant has admitted an overpayment by DPW is, it is believed, not correct. In this appeal the Court addresses other matters concerning the form of the notice and adequacy of the entire procedure used by DPW to inform claimant of the overpayment. Specifically, the Court found it necessary to decide whether the overpayment involved past bene fits or future benefits in light of the notice provisions set forth in 62 P.S. §432.17 and 55 Pa. Code §133.4(b), and the collection procedure in 55 Pa. Code §255.4(i)(3). We note that the provisions concerning notification cited by claimant are compulsory only in situations where DPW proposes to decrease, suspend, or discontinue benefits payable in the future. Future benefits are not at issue in this controversy. Instead, we hold that there is no requirement that DPW follow certain procedural rules in cases of restitution of past benefits, and a failure by DPW to adhere to the guidelines cited by claimant is no defense to her receipt of overpaid benefits. Even if it conceded, *arguendo*, that this matter is moot, similar questions are likely to recur, and should be decided.

also that a sufficient record exists before us and, therefore, we affirm the order of DPW.

ORDER

AND Now, February 22, 1984, the order of the Department of Public Welfare, dated December 14, 1981, is hereby affirmed.