Larry A. Gilliard, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs April 30, 1984, to Judges ROGERS, MACPHAIL and BARBIERI, sitting as a panel of three.

*Larry A. Gilliard,* petitioner, for himself.

*Jean E. Graybill,* Assistant Counsel, for respondent.

Opinion by Judge MacPhail, July 3, 1984:

Larry A. Gilliard (Petitioner) appeals here from a final order of the Department of Public Welfare (DPW) which affirmed the discontinuance of Petitioner's public assistance benefits because of his failure to verify to the County Assistance Office (CAO) the renewal of his registration with the Office of Employment Security (OES).

Petitioner was an active general assistance recipient and was not exempt from registering with the OES every six months.[1] The DPW hearing examiner found[2] that Petitioner, at a redetermination interview at the CAO on February 12, 1982, was instructed that he would be required to re-register with OES on March 26, 1982, and to return to the CAO on March 29, 1982, to verify the update. When the Petitioner failed to report as requested, the CAO notified Petitioner on April 12, 1982 that his assistance would be terminated for his failure to present verification of re-registration with OES. Petitioner timely filed a request for a fair hearing.

At the hearing, the examiner framed the issue in terms of the propriety of the CAO's action in terminating Petitioner's public assistance for failure to verify his re-registration with OES. The Petitioner, appearing at the hearing (and in this Court), pro se,

[1] 55 Pa. Code §165.23. The regulation in effect during the relevant time period in the instant case provided that a person should re-register with the OES every six months. Presentation of the registration card to the CAO served to verify the registration renewal. 55 Pa. Code §165.24.

[2] We note that our scope of review is limited to a determination of whether the adjudication by DPW is in accordance with the law, the findings of fact are supported by substantial evidence, and no constitutional rights have been violated. *Williams v. Department of Public Welfare*, 58 Pa. Commonwealth Ct. 285, 427 A.2d 761 (1981).

testified that he had re-registered at OES on March 26 and stated to the examiner:

> I have given you proof, here is the card, I showed you the card . . . , the fact remains the fact [sic] that I have been registered and always have been registered. . . .

The Petitioner also admitted, however, that he did not present his work card showing the re-registration to the CAO for verification on March 29 because he could see no purpose in doing so.

The hearing examiner, accordingly, found that Petitioner had last registered with OES on September 26, 1981.

There is no question that DPW regulations required a non-exempt recipient to re-register with OES every 6 months as a condition of eligibility. 55 Pa. Code §165.23. DPW regulations regarding verification, on the other hand, simply stated that: "[t]he person verifies the registration renewal by presenting the [employment registration] card to the CAO," 55 Pa. Code §165.24(a)(3). It appears, therefore, that it was the failure to renew registration, not the failure to verify the renewal, which would result in ineligibility for public assistance benefits.[3]

We hold that DPW erred as a matter of law in finding that the mere failure to verify the renewed registration was grounds for termination of Peti-

---

[3] This regulation was amended, effective July 3, 1982, to state in pertinent part:

> The client must maintain OES registration status on a form approved and provided by the Department. The client must present his form to OES for date stamping. *The client will return the stamped form back to the CAO as a condition of eligibility* and in accord with §133.23(a) (3)(iv) or (b)(2) (relating to requirements) as appropriate. (Emphasis added.)

55 Pa. Code §165.24(a)(1)(ii).

tioner's benefits. In *Juras v. Department of Public Welfare*, 73 Pa. Commonwealth Ct. 169, 457 A.2d 1020 (1983), we held in a somewhat analogous case that failure to appear for a redetermination interview does not in and of itself warrant termination of public assistance benefits. Here, Petitioner had the burden of demonstrating his continued eligibility to receive public assistance benefits. *Juras.* His timely appeal from the CAO's notice of termination entitled him to a fair hearing at which he could attempt to meet that burden. *Id.* DPW argues that Petitioner did not carry that burden because he failed to introduce his updated registration card into evidence. As we have noted, Petitioner appeared before the examiner pro se and his testimony indicated that he did indeed have the updated card with him at the hearing.[4] The hearing examiner failed to question Petitioner directly about the card when Petitioner stated that he had it with him. DPW argues to us that Petitioner's failure to offer the card into evidence precludes him from doing so now, but we believe due process and fairness to the uncounseled Petitioner required the examiner to more fully develop this line of inquiry which was clearly central to the issue of Petitioner's continued eligibility for public assistance benefits.[5]

Petitioner must be allowed an opportunity to fully present his case regarding his continued eligibility

---

[4] Petitioner has attached to his brief a photocopy of what appears to be a work registration card with a March 26 reporting date stamped on it. While we can not accept the attachment as part of the record in this case, the existence of such a document does lend credence to Petitioner's testimony that he had re-registered.

[5] Petitioner's entire argument before us is that he had timely re-registered with OES and that the CAO could not properly demand to see his updated card. Although we cannot agree that the CAO was acting improperly in requiring verification, Petitioner must have a full opportunity to prove his continued eligibility.

476

for public assistance benefits at the time of his appeal of the action of the CAO. We will reverse and remand for further proceedings consistent with the foregoing opinion.

ORDER

The order of the Department of Public Welfare dated June 10, 1982, Case No. 930-035-D is hereby reversed and remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.