Barry Knier, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs April 30, 1984, to Judges WILLIAMS, JR., DOYLE and BLATT, sitting as a panel of three.

*Frederic Chardon,* for petitioner.

*John G. Knorr, III,* Senior Deputy Attorney General, with him, *Allen C. Warshaw,* Senior Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE DOYLE, August 23, 1984:

This is an appeal by Barry Knier (Petitioner) from an order of the Executive Deputy Secretary of the Department of Public Welfare (Department), which found that Petitioner was ineligible for General Assistance benefits as a ''chronically needy person'' pursuant to Section 432(3)(i) of the Public Welfare Code (Code).[1]

Petitioner began receiving general assistance benefits on May 5, 1981. On January 24, 1983, the County Assistance Office notified Petitioner that he was determined to be "transitionally needy" and eligible for only ninety days worth of benefits per year, pursuant to Section 432(3)(iii) of the Code.[2]

Petitioner appealed this determination, and a hearing was held on April 13, 1983. At the hearing, Petitioner contended that he had exhausted his unemployment compensation benefits, in accordance with the requirements for ''chronically needy'' eligibility as

[1] Section 432(3)(i) of the Act of June 13, 1967, P.L. 31, *as amended,* 62 P.S. §432(3)(i). Section 432(3) of the Code distinguishes between "chronically needy persons", who are eligible for an indeterminate period of benefits, and "transitionally needy persons," who are eligible for no more than ninety days of benefits in any twelve-month period.

[2] 62 P.S. §432(3)(iii).

set forth in Section 432(3)(i)(H) of the Code. It was agreed by the parties that the Hearing Officer would receive additional evidence on this issue by phone. On May 12, 1983, the Hearing Officer denied Petitioner's appeal on the basis of this additional evidence, stating:

> The appellant contends that he has collected unemployment compensation benefits and can prove the required work history. A few days after the hearing, the worker called to say that his work history was verified, but that unemployment compensation benefits were collected but not exhausted, as required.

The Hearing Officer's decision was affirmed by the Department's Office of Hearings and Appeals. After Petitioner's request for reconsideration was denied, an appeal to this Court was taken.

On appeal, Petitioner argues that the Hearing Officer erred as a matter of law in concluding that he had failed to exhaust his unemployment compensation benefits, since he did not qualify for such benefits at the time he applied for general assistance.[3] Section 432(3)(i)(H) of the Code limits eligibility for "chronically needy" status to:

> (H) Any person who has previously been employed full time for at least forty-eight months out of the previous eight years and has exhausted his or her unemployment compensation benefits prior to applying for assistance.

In *Fisher v. Department of Public Welfare*, 82 Pa. Commonwealth Ct. 116, 475 A.2d 873 (1984), we were

---

[3] This Court's scope of review from orders of the Department of Public Welfare is limited to a determination of whether an error of law was committed, constitutional rights were violated, or findings of fact were unsupported by substantial evidence. *Klingerman Nursing Center, Inc. v. Department of Public Welfare*, 73 Pa. Commonwealth Ct. 470, 458 A.2d 653 (1983).

faced with a similar situation in which five applicants for general assistance were denied chronically needy status solely because they did not *qualify* for unemployment compensation. In *Fisher,* we reversed and held:

[T]he Legislature did not intend that an applicant for general assistance, pursuant to Section 432(3)(i)(H) of the Code, qualify for unemployment benefits as a prerequisite to entitlement for general assistance. The applicant need only exhaust such benefits should they be available.

82 Pa. Commonwealth Ct. at 116, 475 A.2d at 876.

In the present case, the Hearing Officer concluded that Petitioner had failed to exhaust his unemployment compensation benefits, but made no findings of fact on the issue of whether Petitioner qualified for unemployment compensation at the time he applied for general assistance. In light of the holding in *Fisher,* such a finding is necessary to a legal determination of whether Petitioner had exhausted his benefits. We must therefore remand this case for additional findings of fact on this issue. *See Wilson v. Department of Public Welfare,* 48 Pa. Commonwealth Ct. 576, 409 A.2d 1213 (1980).

For the foregoing reasons, the order of the Office of Hearings and Appeals is vacated, and the matter remanded for additional findings of fact consistent with this opinion.

ORDER

Now, August 23, 1984, the order of the Department of Public Welfare in the above referenced matter, No. 86277, dated June 20, 1983, is hereby vacated, and the matter remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.