Robert Chatham, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Robert E. Sweeney, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued September 13, 1984, before Judges DOYLE and PALLADINO and Senior Judge BARBIERI, sitting as a panel of three.

*James Bukac*, for petitioners.

*Mary Frances Grabowski*, Assistant Counsel, with her, *Jean E. Graybill*, Assistant Counsel, for respondent.

46

Opinion by Judge Palladino, June 5, 1985:

We have consolidated for disposition the appeals of two general assistance claimants, Robert Chatham and Robert Sweeney, from separate orders of the Executive Deputy Secretary of the Department of Public Welfare (Department), upholding hearing examiners' decisions finding claimants ineligible for general assistance benefits as "chronically needy persons" pursuant to Section 432(3)(i) of the Public Welfare Code (Code).[1]

Section 432(3) of the Code distinguishes between "chronically needy persons", who are eligible for an indeterminate period of benefits, and "transitionally needy persons", who are eligible for no more than ninety days of benefits in any twelve-month period. Section 432(3)(iii) of the Code[2] defines transitionally needy persons as "those persons who are otherwise eligible for general assistance but do not qualify as chronically needy". "Chronically needy persons" are those persons who fall within any one of nine definitions set forth in subsections (A) through (I) of Section 432(3)(i) of the Code. In the present appeals, claimants concede that their eligibility for "chronically needy" status would only be pursuant to subsection (H) of Section 432(3)(i), which provides:

(i) Chronically needy persons are those persons chronically in need who may be eligible for an indeterminate period . . . . and shall be limited to:

(H) Any person who has previously been employed full time for at least 48 months out of the previous eight years and has exhausted

---

[1] Section 432(3)(i) of the Act of June 13, 1967, P.L. 31, *as amended*, 62 P.S. §432(3)(i).

[2] 62 P.S. §432(3)(iii).

his or her unemployment compensation benefits prior to applying for assistance.

Both claimants had been receiving general assistance when, in September, 1982, they were notified by their County Assistance Office (CAO) that they had been classified as transitionally needy and thus eligible for only ninety days worth of general assistance per year. Claimants appealed and were afforded an opportunity at a hearing to present evidence with respect to their work history over the previous eight years and their qualifications for unemployment benefits. For purposes of clarification, the facts of each case will be discussed separately.

## No. 1421 C.D. 1983

Claimant Chatham alleged that he had been employed full time for fifty-three months out of the previous eight years. Chatham offered into evidence documentation substantiating forty-five months of employment. He could offer no supporting documentation regarding the remainder of his alleged work history. He testified that he was unable to obtain verification of four months of employment with a car dealership in 1977 because the dealership's records had been destroyed. Chatham offered into evidence a letter from the manager of the dealership stating Chatham had been employed there in 1977, but that exact dates could not be provided because all records had been destroyed when the roof of its building collapsed during a storm. Chatham also testified that he had been employed full time with another company for four months but that he has failed in his attempts to obtain verification of this employment because the company went out of business.

With respect to the requirement that he exhaust unemployment compensation benefits, Chatham of-

fered into evidence proof that he applied for and was denied unemployment compensation benefits.[3]

The Hearing Officer denied Chatham's appeal concluding that he had failed to show that he had been employed full time for forty-eight months out of the last eight years and that he had not exhausted unemployment compensation benefits. The Hearing Officer's decision was affirmed by the Department's Office of Hearings and Appeals. After Chatham's request for reconsideration was denied, an appeal was taken to this Court.

## No. 1510 C.D. 1983

Claimant Sweeney alleged that he had been employed full time for forty-nine months out of the previous eight years. Sweeney offered documentation substantiating only twenty-three months of full time employment. He testified that he had been employed full time by a company for twenty-three months but was unable to obtain documentation to substantiate this employment because the company's records had been lost in a flood. Sweeney did offer into evidence a letter from the owner's son stating that Sweeney had been employed there but that he could not provide dates because of the loss of the records. Sweeney further testified that he was employed two months and three weeks by another company but that the owner refused to retrieve records which would verify this employment.

The only evidence presented with respect to the requirement that unemployment compensation benefits be exhausted was Sweeney's own testimony that he applied for and was denied benefits.

---

[3] Chatham was deemed ineligible for benefits because he had been discharged from his last job for willful misconduct.

The Hearing Officer denied Sweeney's appeal concluding that he "ha[d] not presented documentation that he has exhausted a unemployment compensation claim within the eight year period prior to his application for assistance." The Hearing Officer's decision was affirmed by the Department's Office of Hearings and Appeals. After Sweeney's request for reconsideration was denied, an appeal was taken to this Court.

Initially, we note that our scope of review from orders of the Department of Public Welfare is limited to a determination of whether an error of law was committed, constitutional rights were violated, or findings of fact were unsupported by substantial evidence. *Klingerman Nursing Center, Inc., v. Department of Public Welfare,* 73 Pa. Commonwealth Ct. 470, 458 A.2d 653 (1983).

Before this Court, claimants argue that the Hearing Officers erred as a matter of law in concluding that they had failed to exhaust their unemployment compensation benefits because they did not qualify for such benefits. The issue of whether Section 432-(3)(i)(H) of the Code requires that an applicant for general assistance *qualify* for unemployment compensation benefits was addressed by this Court in *Fisher v. Department of Public Welfare,* 82 Pa. Commonwealth Ct. 116, 475 A.2d 873 (1984).[4] In *Fisher,* five applicants for general assistance were denied chronically needy status solely because they did not *qualify* for unemployment compensation. We reversed holding that:

> [T]he Legislature did not intend that an applicant for general assistance pursuant to Section 432(i)(H) of the Code, qualify for unem-

___

[4] *Petition for allowance of appeal granted,* (53 M.D. App. Dkt. 1984, September 5, 1984).

ployment benefits as a prerequisite to entitlement for general assistance. The applicant need only exhaust such benefits should they be available.

*Id.* at 122, 415 A.2d at 876.

Here, the Hearing Officer specifically found that Chatham did not qualify for unemployment compensation benefits and, based on this finding, concluded that he therefore failed to exhaust such benefits. In light of the holding in *Fisher,* we reverse this conclusion.

In the case of Sweeney, the Hearing Officer made no findings of fact on the issue of whether Sweeney qualified for unemployment compensation benefits. Inasmuch as such a finding is necessary to a legal determination of whether Sweeney exhausted his benefits, we must remand this case for additional findings on this issue. *See Knier v. Department of Public Welfare,* 84 Pa. Commonwealth Ct. 609, 480 A.2d 369 (1984).

Regarding the requirement that an applicant be employed full time for at least forty-eight months out of the previous eight years, our concern in the present cases has to do with verification of this employment. Section 141.61 of the Public Assistance Eligibility Manual (PAEM), 55 Pa. Code §141.61, which sets forth requirements for eligibility for "chronically needy" assistance, requires that the forty-eight months of employment be "verified". Although "verification" is not specifically defined in the context of Section 141.61, the Department's general policy regarding verification is set forth in Section 201.1(1) of the PAEM[5] which states:

The client will be the primary source of information in establishing eligibility for financial

[5] 55 Pa. Code §201.1(1).

assistance. *As a condition of eligibility, the client will be required, to the extent that he is able, to substantiate the information he has provided by documentary evidence or such other means as may serve to establish the truth of his statements.* (Emphasis added).

DPW's regulations recognize, however, that there may be situations in which it will be impossible to secure valid substantiation of an eligibility criterion beyond the statement of an applicant. In such a situation, Section 201.4(a)(1)(iii) of the PAEM[6] provides that: "The worker will then make a reasonable decision based on his or her judgment of all the available evidence, that is, the credibility of the person, and the validity of other supporting or conflicting evidence."

In the present appeals, both claimants contended that it was impossible to secure valid documents to substantiate their entire work history during the previous eight years. Claimant Chatham offered into evidence documents verifying forty-five months of employment. He also offered evidence confirming that it was impossible to obtain verification of four months of full time employment. Although no conflicting evidence was presented with respect to this alleged employment, the Hearing Officer made no determination as to Chatham's credibility. The Hearing Officer simply determined that inasmuch as Chatham could only document forty-five months of full time employment, he had failed to satisfy the forty-eight month requirement. Because Section 201 of the PAEM requires that the Hearing Officer make a determination with respect to the credibility of Chatham, we remand for a factual determination on this issue. *See Fisher.*

With respect to claimant Sweeney, the Hearing Officer made no findings with respect to the forty-eight

---

[6] 55 Pa. Code §201.4(a)(1)(iii).

month employment requirement. The Hearing Officer simply noted that Sweeney was unable to obtain documents substantiating his entire work history and based his denial of "chronically needy" status on Sweeney's failure to document that he had exhausted unemployment compensation benefits. Because we have already determined that a remand was necessary for findings on the issue of whether Sweeney qualified for unemployment compensation benefits, we further direct that findings of fact be made with respect to his work history over the previous eight years. And because Sweeney contended that it was impossible to substantiate parts of his work history and thus the only evidence presented was his own testimony, a factual determination must be made on the issue of his credibility. *See Fisher.*

For the foregoing reasons, the orders of the Department are vacated, and the matters remanded for additional findings of fact consistent with this opinion.

ORDER IN 1421 C.D. 1983

AND Now, June 5, 1985, the order of the Department of Public Welfare in the above-captioned matter, No. 40200, dated April 27, 1983, is hereby vacated, and the matter is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.

ORDER IN 1510 C.D. 1983

AND Now, June 5, 1985, the order of the Department of Public Welfare in the above-captioned matter, No. 39947, dated May 24, 1983, is hereby vacated, and the matter is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.

Judge WILLIAMS, JR. did not participate in the decision in this case.